JUDGE CAPRONI

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc. and*
*WowWee USA, Inc.*

**17 CV 9358**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., and WOWWEE USA, INC., *Plaintiffs* | CIVIL ACTION No. ___ |
| v. | |
| A249345157, ABAS, ALIAMOON, ARC WORLD ELECTRONIC (SHENZHEN) LIMITED, B2CTRADER88, CAIG, CHENXUE123, CHMIYA, COCOKI, COCOXF, CURRYDOUBLE, DAILYSPREE, DENKAPPARAT, DILUSS, DLF0003, DONGGUAN BENRAY CRAFTS & ARTS CO., LTD., DONGGUAN DEEP DREAM ELECTRONIC CO., LIMITED, DONGGUAN SANKE MOULD&PLASTIC MANUFACTURE CO., LTD.,  DONGGUAN SHENGSI INDUSTRIAL CO., LTD., DONGGUAN SHENGTANG SILICONE PRODUCTS CO., LTD., DONGGUAN WANSHENG SILICONE PRODUCTS CO., LTD., DONGGUAN XIE XING ELECTRONIC PLASTIC CO., LTD., DONGGUAN YOULIMEI SPORTING GOODS CO., LIMITED A/K/A KEDIMEI ELECTRONICS (SHENZHEN) CO., LIMITED, | **COMPLAINT** **Jury Trial Requested** **FILED UNDER SEAL** |

DONGGUAN YUYANG MUSICAL
INSTRUMENT CO., LTD. A/K/A ZHIXIAN
INDUSTRIAL LIMITED, DONGGUAN ZEQI
PACKING CO., LTD. A/K/A HONG KONG CP-
LINK CO., LTD, DORISZP, EONFUN,
ERAINBOW, FASHION888TOY,
FASHION9TOY, FASHIONFORWARD,
FENGZU OUTDOOR STORE, FIRING,
FRANKASON, FRANKMONEY,
FROZENTOYS, FUZHOU RICHFORTH
TRADE CO., LTD., FXSUM STATIONERY
STORE, GGGZXL151019, GLASSPARADISE,
GLOBALBSD888, GOTRICHTECH,
GUANGZHOU ARFMA ELECTRONIC CO.,
LTD., GUOJINQUNQUN1, HAITENGBAO,
HANGZHOU EASYLIN TRADE CO., LTD.,
HANGZHOU YIGE TRADE CO., LTD,
HENGYI (GUANGZHOU) TRADING IMP. &
EXP. CO., LTD., HYL950215, IRIS
TECHNOLOGY CO., LTD., ISHENNONG,
JAYTOYOFFICIAL, JESSE2017, JHZ666888,
KADEN, KIMWOOD1608, KKCARDS,
KOLAMOM STORE, LACHAPBELL,
LEMEIHUI03, LEO_TOYS, LING2017,
LWHONEY, MAIZHONGGOOD,
MAXDREAM2017, MIKEXU888,
MINEYKIDS, NANCHANG YONG GUAN
TRADING CO., LTD., NANJING BONGEM
IMPORT & EXPORT CO., LTD
NINGBO FENGHUA GOGO AUTOMATIC
TRADING COMPANY LIMITED, NINGBO
H&D IMPORT AND EXPORT CO., LTD.,
NINGBO HUISEN RUBBER & PLASTIC
TECHNOLOGY CO., LTD., NINGBO
LANGMING IMPORT AND EXPORT
LIMITED, NINGBO LENO TRADING CO.,
LTD., OG INTELLIGENCE STORE,
OLYMPICYIM, OSINDUSTRIAL,
OUHOEHKDH, OUSUSUNBABY STORE,
PINKEMPRESSFANS002 A/K/A SHENZHEN
PIRATE CAPTAIN TRADE CO., LTD.,
POINTOUCH1, ROCKYTSANG, SANCEY,
SHANDONG SIMON BEARING CO., LTD.,
SHANGHAI2008, SHANTOU SMILOR TOYS
FACTORY A/K/A SMILOR INDUSTRIAL CO.,
LTD., SHANXI XIN SHI YU COMMERCIAL

AND TRADE CO., LTD., SHAOXING SOFA
PROMOTION CO., LTD., SHENZHEN AISK
ELECTRONIC CO., LIMITED, SHENZHEN
AUGUSTSMOKE TECHNOLOGY CO., LTD,
SHENZHEN BESTBUYTEC CO., LTD.,
SHENZHEN BOF TECHNOLOGY CO.,
LIMITED, SHENZHEN CHUANGSHIZC
TECHNOLOGY CO., LTD., SHENZHEN
DEEPFANS TECHNOLOGY CO., LTD.,
SHENZHEN EBST TRADING CO., LTD.,
SHENZHEN EJOY TECHNOLOGY CO., LTD.,
SHENZHEN E-MYWAY INDUSTRIAL CO.,
LTD., SHENZHEN ETINDGE ELECTRONIC
CO., LTD., SHENZHEN EVER GRAND
TECHNOLOGY CO., LTD.
SHENZHEN FLYDA TECHNOLOGY CO.,
LTD., SHENZHEN FOREMOST INDUSTRIAL
CO., LTD., SHENZHEN FUJIA ELECTRONICS
CO., LTD., SHENZHEN FWY TECHNOLOGY
CO., LTD., SHENZHEN GREIA
TECHNOLOGY CO., LIMITED, SHENZHEN
HAOYUNWEI TECHNOLOGY CO., LTD.,
SHENZHEN HERO TECHNOLOGY CO., LTD.,
SHENZHEN HONGSONIC ELECTRONICS
CO., LTD., SHENZHEN HUAWEN
TECHNOLOGY CO., LTD., SHENZHEN HYD
TECHNOLOGY LTD., SHENZHEN JBK PET
TECHNOLOGY CO., LTD., SHENZHEN
JIEJIA TRADING COMPANY LIMITED,
SHENZHEN JINPIN BALANCE
TECHNOLOGY CO., LTD., SHENZHEN
JUSTCIG TECHNOLOGY CO., LTD.,
SHENZHEN MAKEWAY TRADING CO.,
LTD., SHENZHEN MIDSUN TECHNOLOGY
COMPANY LIMITED, SHENZHEN
MINSHUNLONG TRADING CO., LTD.,
SHENZHEN NABOWEI TECHNOLOGY CO.,
LTD., SHENZHEN NEW FLY TECHNOLOGY
CO., LTD., SHENZHEN NOTION
ELECTRONICS CO., LTD., SHENZHEN ONLY
ACE LIGHTING TECH CO., LTD.,
SHENZHEN P PLUS GIFT CO., LTD.,
SHENZHEN PACIFIC OCEAN ELECTRONIC
LTD., SHENZHEN SANDI DIGITAL CO.,
LTD., SHENZHEN SICMP PRINTING CO.,
LTD. | SHENZHEN TRULY BEAUTY

INDUSTRY CO., LTD, SHENZHEN SPIRE
TECHNOLOGY CO., LTD., SHENZHEN
SUNLIGHTS INNOVATION &
TECHNOLOGY CO., LTD., SHENZHEN
SUOYA BUSINESS CO., LTD., SHENZHEN
TAI LI TECHNOLOGY CO., LTD.,
SHENZHEN UNION CREATE JI YE
TECHNOLOGY CO., LTD., SHENZHEN
UPLUS TECHNOLOGY CO., LTD.,
SHENZHEN VICTEKE TECHNOLOGIES CO.,
LTD., SHENZHEN XINWANGGU
TECHNOLOGY LIMITED, SHENZHEN
XINYUE ELECTRONIC CO., LTD.,
SHENZHEN YUNWEI TECHNOLOGY CO.,
LTD., SHENZHEN0721, SHINY&BEAUTY1
STORE, SHOPPINGMALLTOY, SIXIREN
TOY CO., LTD., GUANGZHOU, SOUTHSEA
FLYING DRAGON(SHENZHEN)
TECHNOLOGY CO., LTD., SUPERCARD,
TIANJIN YAO POLY IMPORT AND EXPORT
LIMITED COMPANY, TOPKIDSCLOTHES,
TOYSCODA, TOYSFUNNY,
TOYSSTORE2017, TRADEUNIVERSE, TSMQ,
TTOYS STORE, TYHM A/K/A NEW
NETWORK TECHNOLOGY CO., LTD, UNIQ
ELECTRONICS TECHNOLOGY SHENZHEN
CO., LIMITED, VIEEO, VOLCANEE02,
WFZTZG01, WHITEDOLPHIN,
WILLDEN_SUNGLASSES, WIN BEST
IMPORT AND EXPORT CO., LTD., WISEBIZ
(SHENZHEN) TECHNOLOGY LIMITED,
WWWMICSELLCOM__, WXT694375379,
XIAMEN PAPLER INDUSTRY CO., LTD.,
XINGNING BESTEN INDUSTRIAL CO., LTD.,
YIWU CADDY AARTS&CRAFTS FACTORY,
YIWU DINGQIANG IMPORT AND EXPORT
CO., LTD., YIWU FOZO CRAFT FACTORY,
YIWU JINMING E-TRADING FIRM, YIWU
LINGSHUO TRADING CO., LTD. A/K/A
YIWU UNITED CRAFTS CO.,LTD, YIWU
LIUHE CLOTHING FACTORY, YIWU MAX
FIRM IMPORT & EXPORT CO., LTD., YIWU
ROYAL COMMODITY CO., LTD., YIWU
ZHOUTING TRADE CO., LTD., YOUNEED
TRADING STORE, YTING3, ZHANGBX,
ZHIZUN12 AND ZHUHAI HAIYUAN

TECHNOLOGY CO., LTD.

*Defendants*

Plaintiff WowWee Group Limited, a company organized in Hong Kong, Plaintiff WowWee Canada, Inc., a company organized in Canada and Plaintiff WowWee USA, Inc., a corporation organized under the State of Delaware ("WowWee" or "Plaintiffs"), by and through their undersigned counsel, allege as follows:

## NATURE OF THE ACTION

This action involves claims for trademark infringement of WowWee's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; counterfeiting of WowWee's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of WowWee's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and related state and common law claims (the "Action"), arising from the infringement of WowWee's Fingerlings Marks (as defined *infra*) and/or Fingerlings Works (as defined *infra*) arising from Defendants a249345157, abas, aliamoon, Arc World Electronic (Shenzhen) Limited, b2ctrader88, caig, chenxue123, chmiya, cocoki, cocoxf, currydouble, Dailyspree, Denkapparat, diluss, dlf0003, Dongguan Benray Crafts & Arts Co., Ltd., Dongguan Deep Dream Electronic Co., Limited, Dongguan Sanke Mould&Plastic Manufacture Co., Ltd., Dongguan Shengsi Industrial Co., Ltd., Dongguan Shengtang Silicone Products Co., Ltd., Dongguan Wansheng Silicone Products Co., Ltd., Dongguan Xie Xing Electronic Plastic Co., Ltd., Dongguan Youlimei Sporting Goods Co., Limited a/k/a Kedimei Electronics (Shenzhen) Co., Limited, Dongguan Yuyang Musical

Instrument Co., Ltd. a/k/a Zhixian Industrial Limited, Dongguan Zeqi Packing Co., Ltd. a/k/a HONG KONG CP-LINK CO., LTD, doriszp, eonfun, Erainbow, fashion888toy, fashion9toy, fashionforward, Fengzu Outdoor Store, firing, frankason, frankmoney, frozentoys, Fuzhou Richforth Trade Co., Ltd., FXSUM Stationery Store, gggzxl151019, glassparadise, globalbsd888, gotrichtech, Guangzhou Arfma Electronic Co., Ltd., Guojinqunqun1, haitengbao, HangZhou EASYLIN Trade Co., Ltd., Hangzhou Yige Trade Co., Ltd, Hengyi (Guangzhou) Trading Imp. & Exp. Co., Ltd., hyl950215, IRIS Technology Co., Ltd., Ishennong, jaytoyofficial, jesse2017, jhz666888, kaden, kimwood1608, kkcards, KOLAMOM Store, lachapbell, lemeihui03, leo_toys, Ling2017, lwhoney, maizhonggood, maxdream2017, mikexu888, mineykids, Nanchang Yong Guan Trading Co., Ltd., Nanjing Bongem Import & Export Co., Ltd, Ningbo Fenghua Gogo Automatic Trading Company Limited, Ningbo H&D Import And Export Co., Ltd., Ningbo Huisen Rubber & Plastic Technology Co., Ltd., Ningbo Langming Import And Export Limited, Ningbo Leno Trading Co., Ltd., OG intelligence Store, olympicyim, osindustrial, ouhoehkdh, Oususunbaby Store, Pinkempressfans002 a/k/a Shenzhen Pirate Captain Trade Co., LTD., pointouch1, rockytsang, sancey, Shandong Simon Bearing Co., Ltd., shanghai2008, Shantou Smilor Toys Factory a/ka/ Smilor Industrial Co., Ltd., Shanxi Xin Shi Yu Commercial And Trade Co., Ltd., Shaoxing Sofa Promotion Co., Ltd., Shenzhen Aisk Electronic Co., Limited, Shenzhen Augustsmoke Technology Co., Ltd, ShenZhen BestBuyTec Co., Ltd., Shenzhen Bof Technology Co., Limited, Shenzhen ChuangshiZC Technology Co., Ltd., Shenzhen Deepfans Technology Co., Ltd., Shenzhen EBST Trading Co., Ltd., Shenzhen Ejoy Technology Co., Ltd., Shenzhen E-Myway Industrial Co., Ltd., Shenzhen Etindge Electronic Co., Ltd., Shenzhen Ever Grand Technology Co., Ltd., Shenzhen Flyda Technology Co., Ltd., Shenzhen Foremost Industrial Co., Ltd., Shenzhen Fujia Electronics Co., Ltd.,

Shenzhen FWY Technology Co., Ltd., Shenzhen Greia Technology Co., Limited, Shenzhen Haoyunwei Technology Co., Ltd., Shenzhen HERO Technology Co., Ltd., Shenzhen Hongsonic Electronics Co., Ltd., Shenzhen Huawen Technology Co., Ltd., Shenzhen HYD Technology Ltd., Shenzhen JBK Pet Technology Co., Ltd., Shenzhen Jiejia Trading Company Limited, Shenzhen Jinpin Balance Technology Co., Ltd., Shenzhen Justcig Technology Co., Ltd., Shenzhen Makeway Trading Co., Ltd., Shenzhen Midsun Technology Company Limited, Shenzhen Minshunlong Trading Co., Ltd., Shenzhen Nabowei Technology Co., Ltd., Shenzhen New Fly Technology Co., Ltd., Shenzhen Notion Electronics Co., Ltd., Shenzhen Only Ace Lighting Tech Co., Ltd., Shenzhen P Plus Gift Co., Ltd., Shenzhen Pacific Ocean Electronic Ltd., Shenzhen Sandi Digital Co., Ltd., Shenzhen SICMP Printing Co., Ltd. a/k/a Shenzhen Truly Beauty Industry Co., LTD, Shenzhen Spire Technology Co., Ltd., Shenzhen Sunlights Innovation & Technology Co., Ltd., Shenzhen Suoya Business Co., Ltd., Shenzhen Tai Li Technology Co., Ltd., Shenzhen Union Create Ji Ye Technology Co., Ltd., Shenzhen Uplus Technology Co., Ltd., Shenzhen Victeke Technologies Co., Ltd., Shenzhen Xinwanggu Technology Limited, Shenzhen Xinyue Electronic Co., Ltd., Shenzhen Yunwei Technology Co., Ltd., shenzhen0721, Shiny&Beauty1 Store,    shoppingmalltoy, Sixiren Toy Co., Ltd., Guangzhou, Southsea Flying Dragon(Shenzhen) Technology Co., Ltd., Supercard, Tianjin Yao Poly Import And Export Limited Company, topkidsclothes, toyscoda, toysfunny, toysstore2017, tradeuniverse, tsmq, TTOYS Store, tyhm a/k/a New Network Technology Co., Ltd, UniQ Electronics Technology Shenzhen Co., Limited, vieeo, volcanee02, Wfztzg01, whitedolphin, willden_sunglasses, Win Best Import And Export Co., Ltd., WISEBIZ (Shenzhen) Technology Limited, wwwmicsellcom__, wxt694375379, Xiamen Papler Industry Co., Ltd., Xingning Besten Industrial Co., Ltd., Yiwu Caddy Aarts&crafts Factory, Yiwu Dingqiang Import And

Export Co., Ltd., Yiwu Fozo Craft Factory, Yiwu Jinming E-Trading Firm, Yiwu Lingshuo Trading Co., Ltd. a/k/a Yiwu United Crafts Co., Ltd, Yiwu Liuhe Clothing Factory, Yiwu Max Firm Import & Export Co., Ltd., Yiwu Royal Commodity Co., Ltd., Yiwu Zhouting Trade Co., Ltd., YouNeed Trading Store, yting3, zhangbx, zhizun12 andZhuhai Haiyuan Technology Co., Ltd. (hereinafter collectively referred to as "Defendants" or individually as "Defendant") infringement of WowWee's Fingerlings Works (as defined *infra*) and Fingerlings Marks (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, infringing versions of WowWee's Fingerlings Products (as defined *infra*).

## JURISDICTION AND VENUE

1.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

2.      Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial

revenue from their business transactions in New York and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' infringing actions caused injury to WowWee in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a.   Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with the Digital Marketplaces (as defined *infra*) held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts") on the Alibaba.com, AliExpress.com and DHGate.com online marketplace platforms, through which consumers in the U.S., including New York, can view Defendants' Online Accounts (as defined *infra*), communicate with Defendants regarding their listings for Infringing Products (as defined *infra*) and place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.   Upon information and belief, Defendants are sophisticated sellers operating commercial businesses through their respective User Accounts through which Defendants offer for sale and/or sell Infringing Products in wholesale quantities at significantly below-market prices to consumers

worldwide ("Defendants' Online Accounts"), including to consumers in the U.S., and specifically in New York.

c.  Upon information and belief, a majority of Defendants' Online Accounts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S., which make up significant percentages of Defendants' total revenues (which are estimated, in several cases, to be in the millions of dollars).

d.  Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

e.  Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Infringing Products.

f.  Upon information and belief, Defendants are aware of WowWee, its Fingerlings Products (as defined *infra*), Fingerlings Works (as defined *infra*) and Fingerlings Marks (as defined *infra*) and are aware that their infringing actions alleged herein are likely to cause injury to WowWee in the U.S., in New York and in this judicial district specifically, as WowWee conducts substantial business in New York.

3.  Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact and/or solicit business in this judicial district.

## THE PARTIES

4.      Plaintiff WowWee Group Limited in a company organized in Hong Kong with a principal place of business at Energy Plaza, 3F, 92 Granville Road, T.S.T. East, Hong Kong.

5.      Plaintiff WowWee Canada, Inc. is a Canadian corporation with a principal place of business at 3700 Saint Patrick, Suite 206, Montreal, Quebec H4E 1A2, Canada.

6.      Plaintiff WowWee USA, Inc. is a Delaware corporation with a registered office at 7855 Fay Avenue, Suite 310, La Jolla, California 92037.

7.      Upon information and belief, Defendant a249345157 is a merchant on DHGate.com, at https://www.dhgate.com/store/20237860, where it offers for sale and/or sells Infringing Products with a principal place of business in Henan, China (Mainland).

8.      Upon information and belief, Defendant abas is a merchant on DHGate.com, at https://www.dhgate.com/store/20237860, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

9.      Upon information and belief, Defendant aliamoon is a merchant on DHGate.com, at https://www.dhgate.com/store/20816879, where it offers for sale and/or sells Infringing Products with a principal place of business in Tianjin, China (Mainland).

10.     Upon information and belief, Defendant Arc World Electronic (Shenzhen) Limited is a merchant on Alibaba.com, at https://arcworld.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 9A, 6 block, Haining Plaza, New district road, Longhua district, Shenzhen, 518109, China.

11.     Upon information and belief, Defendant b2ctrader88 is a merchant on DHGate.com, at https://www.dhgate.com/store/20756075, where it offers for sale and/or sells Infringing Products with a principal place of business in Jiangxi, China (Mainland).

12.     Upon information and belief, Defendant caig is a merchant on DHGate.com, at https://www.dhgate.com/store/20804445, where it offers for sale and/or sells Infringing Products with a principal place of business in Hubei, China (Mainland).

13.     Upon information and belief, Defendant chenxue123 is a merchant on DHGate.com, at https://www.dhgate.com/store/20375990, where it offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

14.     Upon information and belief, Defendant chmiya is a merchant on DHGate.com, at https://www.dhgate.com/store/20682436, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

15.     Upon information and belief, Defendant cocoki is a merchant on DHGate.com, at https://www.dhgate.com/store/19990912, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangxi, China (Mainland).

16.     Upon information and belief, Defendant cocoxf is a merchant on DHGate.com, at https://www.dhgate.com/store/20788722, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

17.     Upon information and belief, Defendant currydouble is a merchant on DHGate.com, at https://www.dhgate.com/store/20786242, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

18.     Upon information and belief, Defendant Dailyspree is a merchant on DHGate.com, at https://www.dhgate.com/store/20409219, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

19.     Upon information and belief, Defendant Denkapparat is a merchant on Alibaba.com, at https://at1288140007wulx.trustpass.alibaba.com, where it offers for sale and/or

sells Infringing Products with a principal place of business at Renmin Road, shenzhen, Guangdong, China (Mainland).

20.     Upon information and belief, Defendant diluss is a merchant on DHGate.com, at https://www.dhgate.com/store/20668930, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

21.     Upon information and belief, Defendant dlf0003 is a merchant on DHGate.com, at https://www.dhgate.com/store/20671170, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

22.     Upon information and belief, Defendant Dongguan Benray Crafts & Arts Co., Ltd. is a merchant on Alibaba.com, at https://benray.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Damaoling Industry Park, Dongping Village, Qishi Town, Dongguan, Guangdong, China (Mainland).

23.     Upon information and belief, Defendant Dongguan Benray Crafts & Arts Co., Ltd. is a merchant on Alibaba.com, at https://benray.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Damaoling Industry Park, Dongping Village, Qishi Town, Dongguan, Guangdong, China (Mainland).

24.     Upon information and belief, Defendant Dongguan Deep Dream Electronic Co., Limited is a merchant on Alibaba.com, at https://deepdream.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at A217 Huiquan 100 Business Centre, 332 Fumin Mid. Road, Changtang Community, Dalang Town, Dongguan, Guangdong, China (Mainland).

25.     Upon information and belief, Defendant Dongguan Sanke Mould&Plastic Manufacture Co., Ltd. is a merchant on Alibaba.com, at https://dgsanke.en.alibaba.com, where

it offers for sale and/or sells Infringing Products with a principal place of business at 105, Floor

1, B Area, No., Qiaotou Dongyin West St., Shatou Community, Changan Town, Dongguan,

Guangdong, China (Mainland).

26.     Upon information and belief, Defendant Dongguan Sanke Mould&Plastic

Manufacture Co., Ltd. is a merchant on Alibaba.com, at https://dgsanke.en.alibaba.com, where

it offers for sale and/or sells Infringing Products with a principal place of business at 105, Floor

1, B Area, No., Qiaotou Dongyin West St., Shatou Community, Changan Town, Dongguan,

Guangdong, China (Mainland).

27.     Upon information and belief, Defendant Dongguan Shengsi Industrial Co., Ltd. .

is a merchant on Alibaba.com, at https://senceglobal.en.alibaba.com, where it offers for sale

and/or sells Infringing Products with a principal place of business at 101, 1st Floor, Bldg. C,

No. 4, Xingye 3rd Street, Xiabian Community, Chang'an Town, Dongguan, Guangdong, China

(Mainland).

28.     Upon information and belief, Defendant Dongguan Shengtang Silicone Products

Co., Ltd. is a merchant on Alibaba.com, at https://dgshengtang.en.alibaba.com, where it offers

for sale and/or sells Infringing Products with a principal place of business at No. 29, Alley 8,

Bao'anxu, Shuikou Village, Dalang Town, Dongguan, Guangdong, China (Mainland).

29.     Upon information and belief, Defendant Dongguan Wansheng Silicone Products

Co., Ltd. is a merchant on Alibaba.com, at https://siliconetableware.en.alibaba.com, where it

offers for sale and/or sells Infringing Products with a principal place of business at No. 29,

Alley 8, Bao'anxu, Shuikou Village, Dalang Town, Dongguan, Guangdong, China (Mainland).

30.     Upon information and belief, Defendant Dongguan Xie Xing Electronic Plastic

Co., Ltd. is a merchant on Alibaba.com, at https://xiexingtoys.en.alibaba.com, where it offers

for sale and/or sells Infringing Products with a principal place of business at No. 1, Yinling 1st Road, Guancang Community, Zhangmutou Town, Dongguan, Guangdong, China (Mainland).

31.    Upon information and belief, Defendant Dongguan Youlimei Sporting Goods Co., Limited a/k/a Kedimei Electronics (Shenzhen) Co., Limited is a merchant on Alibaba.com, at https://ylmsports.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 3/F, Fumin Industrial Park, No. 22, Xinwei Road, Xiaqiao Industrial Area, Dongcheng Street, Dongguan, Guangdong, China (Mainland).

32.    Upon information and belief, Defendant Dongguan Yuyang Musical Instrument Co., Ltd. a/k/a Zhixian Industrial Limited is a merchant on Alibaba.com, at https://magnavip.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 4th Floor, Bldg. 4, Tongfu Tech Park, Xiansha Beiwang Road, Gaobu Town, Dongguan, Guangdong, China (Mainland).

33.    Upon information and belief, Defendant Dongguan Zeqi Packing Co., Ltd. a/k/a HONG KONG CP-LINK CO., LTD is a merchant on Alibaba.com, https://zqpackaging.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Floor 1-1, No. 90, Dongfeng North Road, Xinan Village, Shijie Town, Dongguan, Guangdong, China (Mainland).

34.    Upon information and belief, Defendant doriszp is a merchant on DHGate.com, https://www.dhgate.com/store/19770182, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

35.    Upon information and belief, Defendant eonfun is a merchant on DHGate.com, https://www.dhgate.com/store/19784921, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

36.     Upon information and belief, Defendant Erainbow is a merchant on DHGate.com, https://www.dhgate.com/store/20491952, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

37.     Upon information and belief, Defendant fashion888toy is a merchant on DHGate.com, https://www.dhgate.com/store/20716232, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

38.     Upon information and belief, Defendant fashion9toy is a merchant on DHGate.com, https://www.dhgate.com/store/20625491, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

39.     Upon information and belief, Defendant fashionforward is a merchant on DHGate.com, https://www.dhgate.com/store/14774126, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

40.     Upon information and belief, Defendant Fengzu Outdoor Store is a merchant on AliExpress.com, at https://fengzuoutdoor1.aliexpress.com, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

41.     Upon information and belief, Defendant firing is a merchant on DHGate.com, at https://www.dhgate.com/store/20696955, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

42.     Upon information and belief, Defendant frankason is a merchant on DHGate.com, at https://www.dhgate.com/store/20478875, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

43.     Upon information and belief, Defendant frankmoney is a merchant on DHGate.com, at https://www.dhgate.com/store/20806183, where it offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

44.     Upon information and belief, Defendant frozentoys is a merchant on DHGate.com, at https://www.dhgate.com/store/19807314, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

45.     Upon information and belief, Defendant Fuzhou Richforth Trade Co., Ltd. is a merchant on Alibaba.com, at https://richforth.en.alibaba.com/, where it offers for sale and/or sells Infringing Products with a principal place of business at 15/F, Tian'ao Building, No. 169, Hudong Road, Fuzhou, Fujian, China (Mainland).

46.     Upon information and belief, Defendant FXSUM Stationery Store is a merchant on AliExpress.com, at https://aliexpress.com/store/1522576, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

47.     Upon information and belief, Defendant gggzxl151019 is a merchant on DHGate.com, at https://www.dhgate.com/store/20209772, where it offers for sale and/or sells Infringing Products with a principal place of business in Hubei, China (Mainland).

48.     Upon information and belief, Defendant glassparadise is a merchant on DHGate.com, at https://www.dhgate.com/store/20045353, where it offers for sale and/or sells Infringing Products with a principal place of business in Hebei, China (Mainland).

49.     Upon information and belief, Defendant globalbsd888 is a merchant on DHGate.com, at https://www.dhgate.com/store/20673761, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

50.     Upon information and belief, Defendant gotrichtech is a merchant on DHGate.com, at https://www.dhgate.com/store/20389661, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

51.     Upon information and belief, Defendant Guangzhou Arfma Electronic Co., Ltd. is a merchant on Alibaba, at https://afanman.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

52.     Upon information and belief, Defendant Guojinqunqun1 is a merchant on DHGate.com, at https://www.dhgate.com/store/20686033, where it offers for sale and/or sells Infringing Products with a principal place of business in Jiangxi, China (Mainland).

53.     Upon information and belief, Defendant haitengbao is a merchant on DHGate.com, at https://www.dhgate.com/store/20721743, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

54.     Upon information and belief, Defendant HangZhou EASYLIN Trade Co., Ltd. is a merchant on Alibaba.com, at https://esabright.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Room 1908, Bldg. 2, Qianjiang International Time Plaza, No. 111, Chengxing Road, Jianggan Dist., Hangzhou, Zhejiang, China (Mainland).

55.     Upon information and belief, Defendant Hangzhou Yige Trade Co., Ltd is a merchant on Alibaba.com, at https://hzyige.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Room 1210, West Dongsha Chuangyi Building, No. 77, Tiancheng East Road, Xiasha Street, ETDZ, Hangzhou, Zhejiang, China (Mainland).

56.    Upon information and belief, Defendant Hengyi (Guangzhou) Trading Imp. & Exp. Co., Ltd. is a merchant on Alibaba.com, at https://topchn.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 403, Bldg. C, Zhiye Building, Shafeng 1st Road, Jinshazhou, Baiyun District, Guangzhou, Guangdong, China (Mainland).

57.    Upon information and belief, Defendant hyl950215 is a merchant on DHGate.com at https://www.dhgate.com/store/20796860, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

58.    Upon information and belief, Defendant IRIS Technology Co., Ltd. (Wuhan) is a merchant on Alibaba.com at https://cobchina.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at B5-615, Jingkai Wanda Plaza, No. 111, Dongfeng Road, Economic And Technological Development Zone, Wuhan, Hubei, China (Mainland).

59.    Upon information and belief, Defendant Ishennongis is a merchant on DHGate.com at https://www.dhgate.com/store/20692058, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

60.    Upon information and belief, Defendant jaytoyofficial is a merchant on DHGate.com at https://www.dhgate.com/store/20685817, where it offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

61.    Upon information and belief, Defendant jesse2017 is a merchant on DHGate.com at https://www.dhgate.com/store/20613769, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

62.    Upon information and belief, Defendant jhz666888 is a merchant on DHGate.com at https://www.dhgate.com/store/20265079, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

63.    Upon information and belief, Defendant kaden is a merchant on DHGate.com at https://www.dhgate.com/store/20763051, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

64.    Upon information and belief, Defendant kimwood1608 is a merchant on DHGate.com at https://www.dhgate.com/store/kimwood1608, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

65.    Upon information and belief, Defendant kkcards is a merchant on DHGate.com at https://www.dhgate.com/store/20597694, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

66.    Upon information and belief, Defendant KOLAMOM Store is a merchant on AliExpress.com at http://www.aliexpress.com/store/1821698, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

67.    Upon information and belief, Defendant lachapbell is a merchant on DHGate.com at https://www.dhgate.com/store/20685388, where it offers for sale and/or sells Infringing Products with a principal place of business in Jiangsu, China (Mainland).

68.    Upon information and belief, Defendant lemeihui03 is a merchant on DHGate.com                                                                    at https://www.dhgate.com/wholesale/products/ff8080815b7bb905015c7c45e75a7f53.html, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

69.     Upon information and belief, Defendant leo_toys is a merchant on DHGate.com at https://www.dhgate.com/store/20683169, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

70.     Upon information and belief, Defendant Ling2017 is a merchant on DHGate.com at https://www.dhgate.com/store/20641317, offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

71.     Upon information and belief, Defendant lwhoney is a merchant on DHGate.com at https://www.dhgate.com/store/19898841, sale and/or sells Infringing Products with a principal place of business in Beijing, China (Mainland).

72.     Upon information and belief, Defendant maizhonggood is a merchant on DHGate.com at https://www.dhgate.com/store/20064791, where it offers for sale and/or sells Infringing Products with a principal place of business in Hebei, China (Mainland).

73.     Upon information and belief, Defendant maxdream2017 is a merchant on DHGate.com at https://www.dhgate.com/store/20615814, where it offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

74.     Upon information and belief, Defendant mikexu888 is a merchant on DHGate.com at https://www.dhgate.com/store/20686939, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

75.     Upon information and belief, Defendant mineykids is a merchant on DHGate.com at https://www.dhgate.com/store/20114243, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

76.     Upon information and belief, Defendant Nanchang Yong Guan Trading Co., Ltd. is a merchant on Alibaba.com at https://www.dhgate.com/store/20114243, where it offers for

sale and/or sells Infringing Products with a principal place of business at Unit 1, No. 14, Guiwang Lane, Donghu Area, Nanchang, Jiangxi, China (Mainland).

77. Upon information and belief, Defendant Nanjing Bongem Import & Export Co., Ltd is a merchant on Alibaba.com at https://njbongem.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Room 611, Zhiyuan Building, No. 58, Tianyuan East Road, Jiangning District, Nanjing, Jiangsu, China (Mainland).

78. Upon information and belief, Defendant Ningbo Fenghua Gogo Automatic Trading Company Limited is a merchant on Alibaba.com at https://gogoitems.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at No. 28, Nandu Road, Private Scientific & Technological Park, Jiangkou St., Fenghua, Ningbo, Zhejiang, China (Mainland)

79. Upon information and belief, Defendant Ningbo H&D Import And Export Co., Ltd. is a merchant on Alibaba.com at https://nbhd.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at (9-1) No. 77, Baohua Street, Yinzhou Dist., Ningbo, Zhejiang, China (Mainland).

80. Upon information and belief, Defendant Ningbo Huisen Rubber & Plastic Technology Co., Ltd. is a merchant on Alibaba.com at https://huisxs.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Room 2706-10, Tiantong North Road No. 1107, Zhonghe Street, Yinzhou District, Ningbo, Zhejiang, China (Mainland).

81. Upon information and belief, Defendant Ningbo Langming Import And Export Limited is a merchant on Alibaba.com at https://nblq.en.alibaba.com/, where it offers for sale

and/or sells Infringing Products with a principal place of business at (Centralized Office Zone) 17-13, No. 696, Yongfeng West Road, Haishu District, Ningbo, Zhejiang, China (Mainland).

82. Upon information and belief, Defendant Ningbo Leno Trading Co., Ltd. is a merchant on Alibaba.com at https://chinaleno.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Hengyuan Industry D4, Binhai 2nd Road No. 191, Hangzhou Bay New Zone, Ningbo, Zhejiang, China (Mainland).

83. Upon information and belief, Defendant OG intelligence Store is a merchant on AliExpress.com at https://www.aliexpress.com/store/3220003, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

84. Upon information and belief, Defendant olympicyim is a merchant on DHGate.com at https://www.dhgate.com/store/19871316, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

85. Upon information and belief, Defendant olympicyim is a merchant on DHGate.com at https://www.dhgate.com/store/20675259, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

86. Upon information and belief, Defendant ouhoehkdh is a merchant on DHGate.com at https://www.dhgate.com/store/20678181, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

87. Upon information and belief, Defendant Oususunbaby Store is a merchant on AliExpress.com at https://www.aliexpress.com/store/3132029, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

88.     Upon information and belief, Defendant Oususunbaby Store is a merchant on AliExpress.com at https://www.aliexpress.com/store/3132029, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

89.     Upon information and belief, Defendant Pinkempressfans002 a/k/a Shenzhen Pirate Captain Trade Co., LTD. is a merchant on DHGate.com at https://www.dhgate.com/store/20676279, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

90.     Upon information and belief, Defendant pointouch1 is a merchant on DHGate.com at https://www.dhgate.com/store/20801890, where it offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

91.     Upon information and belief, Defendant rockytsang is a merchant on DHGate.com at http://www.dhgate.com/store/19867918, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

92.     Upon information and belief, Defendant sancey is a merchant on DHGate.com at https://www.dhgate.com/store/20377873, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

93.     Upon information and belief, Defendant Shandong Simon Bearing Co., Ltd. is a merchant on Alibaba.com at https://xmbearing.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at      Room 2004, Unit 2, Building 13, Shimaotiancheng, Dikou Road, Tianqiao District, Jinan, Shandong, China (Mainland).

94.     Upon information and belief, Defendant shanghai2008 is a merchant on DHGate.com at https://www.dhgate.com/store/14497557, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

95.     Upon information and belief, Defendant shanghai2008 is a merchant on DHGate.com at https://www.dhgate.com/store/14497557, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

96.     Upon information and belief, Defendant Shantou Smilor Toys Factory a/k/a Smilor Industrial Co., Ltd. is a merchant on Alibaba.com at https://smilor.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Workshop, Floor 2, No. 20, North Chengjiang Rd., West Yutan Rd., Shantou, Guangdong, China (Mainland).

97.     Upon information and belief, Defendant Shanxi Xin Shi Yu Commercial And Trade Co., Ltd. is a merchant on Alibaba.com at https://xsycasting.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at        Room 2301, West Unit, Taimao Building, No. 6, Shengli Street, Xinghualing District, Taiyuan, Shanxi, China (Mainland).

98.     Upon information and belief, Defendant Shaoxing Sofa Promotion Co., Ltd. is a merchant on Alibaba.com at https://sfpromotion.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at No. 33, Xieqiao Village, Fenghui Town, Shangyu Area, Shaoxing, Zhejiang, China (Mainland).

99.     Upon information and belief, Defendant Shenzhen Aisk Electronic Co., Limited is a merchant on Alibaba.com at https://icecase.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 336, Bldg. 409, Sangda Ind. Zone, Huaqiangbei, Shenzhen, Guangdong, China (Mainland).

100.    Upon information and belief, Defendant Shenzhen Augustsmoke Technology Co., Ltd is a merchant on AliExpress.com at https://www.aliexpress.com/store/331812, where it

offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

101.   Upon information and belief, Defendant ShenZhen BestBuyTec Co., Ltd. is a merchant on Alibaba.com at https://bbt.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at C, 3/F, Bldg. B, Xianshun Industrial Zone, Sanwei, Xixiang, Baoan, Shenzhen, Guangdong, China (Mainland).

102.   Upon information and belief, Defendant Shenzhen Bof Technology Co., Limited is a merchant on Alibaba.com at https://cnboff.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 2501, Bldg. 4A, Bixin Road, Haihang City, Longgang Street, Longgang Dist., Shenzhen, Guangdong, China (Mainland).

103.   Upon information and belief, Defendant Shenzhen ChuangshiZC Technology Co., Ltd. is a merchant on Alibaba.com at http://szcszc.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 201, Floor 2, Complex Bldg., North Of Bldg. B, Feihuangda Tech Park, No. 121, Hongyin Road, Liyuhe Ind. Zone, Loucun Community, Gongming Street, Guangming New Dist., Shenzhen, Guangdong, China (Mainland).

104.   Upon information and belief, Defendant Shenzhen Daton Technology Co., Ltd. is a merchant on Alibaba.com at http://szcszc.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 201, Floor 2, Complex Bldg., North Of Bldg. B, Feihuangda Tech Park, No. 121, Hongyin Road, Liyuhe Ind. Zone, Loucun Community, Gongming Street, Guangming New Dist., Shenzhen, Guangdong, China (Mainland).

105.   Upon information and belief, Defendant Shenzhen Deepfans Technology Co., Ltd. is a merchant on Alibaba.com at https://szdeepfans.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 202,203, B Block, Garden City Digital Building, Nanhai Road 1079, Zhaoshang St., Nanshan District, Shenzhen, Guangdong, China (Mainland).

106.   Upon information and belief, Defendant Shenzhen EBST Trading Co., Ltd. is a merchant on Alibaba.com at https://szebst.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at C1626, Zone C, Floor 16, Niulanqian Bldg., Minzhi Road, Minzhi Street, Longhua New Dist., Shenzhen, Guangdong, China (Mainland).

107.   Upon information and belief, Defendant Shenzhen Ejoy Technology Co., Ltd is a merchant on Alibaba.com at https://ejoy-tech.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at C1626 3rd Floor, Bldg., 2, South China International Printing Paper Packaging Logistics Area (Phase II), Huanancheng, Pinghu Street, Longgang District, Shenzhen, Guangdong, China (Mainland).

108.   Upon information and belief, Defendant Shenzhen E-Myway Industrial Co., Ltd. is a merchant on Alibaba.com at https://e-myway.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Floor 2, No. 46, Xintun Village, Longcheng Street, Longgang Dist., Shenzhen, Guangdong, China (Mainland).

109.   Upon information and belief, Defendant Shenzhen Etindge Electronic Co., Ltd. is a merchant on Alibaba.com at https://etindge.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Floor 3, Bldg. B, Tangxi, Xianshun Ind. Area, Sanwei, Xixiang, Baoan Area, Shenzhen, Guangdong, China (Mainland).

110.   Upon information and belief, Defendant Shenzhen Ever Grand Technology Co., Ltd. is a merchant on Alibaba.com at https://mysuppliers.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at No. 206, 2nd Floor, Bldg. 6, Dafapu Industrial Zone, Bantian, Longgang, Shenzhen, Guangdong, China (Mainland).

111.   Upon information and belief, Defendant Shenzhen Flyda Technology Co., Ltd. is a merchant on Alibaba.com at https://flydahk.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

112.   Upon information and belief, Defendant Shenzhen Foremost Industrial Co., Ltd. is a merchant on Alibaba.com at https://szforemost.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 304, No. 2, Lane 1, Yuhe Garden, Zone 82, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

113.   Upon information and belief, Defendant Shenzhen Fujia Electronics Co., Ltd.is a merchant on Alibaba.com at http://fujiasz.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 5C-459W, Floor 5, No. 1 Exchange Square, Huanan Road, Pinghu Street, Longgang District, Shenzhen, Guangdong, China (Mainland).

114.   Upon information and belief, Defendant Shenzhen FWY Technology Co., Ltd. .is a merchant on Alibaba.com at https://foxwoning.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 5/F,F Building,No.2 North Area, Shangxue Technology Park, Jihua Road, Bantian, Longgang, Guangdong, China (Mainland).

115.   Upon information and belief, Defendant Shenzhen Greia Technology Co., Limited is a merchant on Alibaba.com at https://greiya.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Bldg. A, Lane 14, Tianxin

New Village, Tianxin Rd., Shiyan Street, Baoan District, Shenzhen, Guangdong, China (Mainland).

116. Upon information and belief, Defendant Shenzhen Haoyunwei Technology Co., Ltd. is a merchant on Alibaba.com at https://tno.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 201, Bldg. 18, Xiangnan 3rd Zone, Minzhi Street, Longhua New Dist., Shenzhen, Guangdong, China (Mainland).

117. Upon information and belief, Defendant Shenzhen HERO Technology Co., Ltd. is a merchant on Alibaba.com at https://hero-tech.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Room 509, Jinlihua Commercial Building, 31st Baoan District, Shenzhen, Guangdong, China (Mainland).

118. Upon information and belief, Defendant Shenzhen Hongsonic Electronics Co., Ltd. is a merchant on Alibaba.com at https://hongsonic.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at A1-806, Jinding Garden, East Of Fanshen Road, Xin'an Street Office, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

119. Upon information and belief, Defendant Shenzhen Huawen Technology Co., Ltd. is a merchant on Alibaba.com at https://huawenwistron.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at B709, Wenhao Business Building, Xiaweiyuan, Gushu, Xixiang Street, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

120. Upon information and belief, Defendant Shenzhen HYD Technology Ltd. is a merchant on Alibaba.com at https://hydtech.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at A11-18, 11th Building, Tiangong

Security International Electronic Plaza, Niulanqian, Longhua New Area, Shenzhen, Guangdong, China (Mainland).

121.    Upon information and belief, Defendant Shenzhen JBK Pet Technology Co., Ltd. is a merchant on Alibaba.com at https://jbkpet.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Building No.1, Dayun Software Town, 8288, Longgang Boulevard, Shenzhen, Guangdong, China (Mainland) (Mainland).

122.    Upon information and belief, Defendant Shenzhen Jiejia Trading Company Limited is a merchant on Alibaba.com at https://jiangift.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Rm. 1108, No. 38, No. 2999, Baoan Road, Jiading Dist., Shanghai, China (Mainland).

123.    Upon information and belief, Defendant Shenzhen Jinpin Balance Technology Co., Ltd. is a merchant on Alibaba.com at https://jinpin-balance.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at No. 9, Lane 10, Xiasha, Xiashiwei, Fuwei, Fuyong Town, Baoan District, Shenzhen, Guangdong, China (Mainland).

124.    Upon information and belief, Defendant Shenzhen Justcig Technology Co., Ltd. is a merchant on Alibaba.com at https://justcig.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at No. 1, Alley 14, Hongxingxifang Village, Songgang, Shenzhen, Guangdong, China (Mainland).

125.    Upon information and belief, Defendant Shenzhen Makeway Trading Co., Ltd. is a merchant on Alibaba.com at https://hopora1.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 3A2H, A2 Building, Zhujiang Plaza, Longgang Town, Longgang District, Shenzhen, Guangdong, China (Mainland).

126.    Upon information and belief, Defendant Shenzhen Midsun Technology Company Limited is a merchant on Alibaba.com at https://midsundigital.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 2814, Nanguang Jiejia Building, Futian District, Shenzhen, Guangdong, China (Mainland).

127.    Upon information and belief, Defendant Shenzhen Minshunlong Trading Co., Ltd. is a merchant on Alibaba.com at https://szmsl88.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 910, Bldg. B, Fenglin Int'l Center, Longcheng St., Longgang Area, Shenzhen, Guangdong, China (Mainland).

128.    Upon information and belief, Defendant Shenzhen Nabowei Technology Co., Ltd. is a merchant on Alibaba.com at https://naboweitechnology.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at B, Second Floor, Yinshan Building, Tianxin Village, Luohu District, Shenzhen, Guangdong, China (Mainland).

129.    Upon information and belief, Defendant Shenzhen New Fly Technology Co., Ltd. is a merchant on Alibaba.com at https://new-fly.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Rm. 503, Floor 5, Bldg. 130, Shiao Village, Dalang, Longhua New Dist., Shenzhen, Guangdong, China (Mainland).

130.    Upon information and belief, Defendant Shenzhen Notion Electronics Co., Ltd. is a merchant on Alibaba.com at https://notion.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 706 Baishiwei Commercial Building, 39 East Fuwei West Street, Fuyong Street, Bao'an District, Shenzhen, Guangdong, China (Mainland).

131.    Upon information and belief, Defendant Shenzhen Only Ace Lighting Tech Co., Ltd. is a merchant on Alibaba.com at https://hotledlight.en.alibaba.com, where it offers for sale

and/or sells Infringing Products with a principal place of business at No. 30, Hangkong Road, Sanwei, Hangcheng Street, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

132. Upon information and belief, Defendant Shenzhen Pacific Ocean Electronic Ltd. is a merchant on Alibaba.com at https://szusboem.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

133. Upon information and belief, Defendant Shenzhen Sandi Digital Co., Ltd. is a merchant on Alibaba.com at https://cnthreed.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Room 505, Floor 5, Plant Building 1, Baili Road, Bantian, Longgang District, Shenzhen, Guangdong, China (Mainland).

134. Upon information and belief, Defendant Shenzhen SICMP Printing Co., Ltd. a/k/a Shenzhen Truly Beauty Industry Co., LTD. is a merchant on Alibaba.com at https://sicmp.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Rm. 406, Xinda Commercial Building, Fenggang 1st Ind. Zone, Qianjin 2nd Road, Xixiang Street, Shenzhen, Guangdong, China (Mainland).

135. Upon information and belief, Defendant Shenzhen Spire Technology Co., Ltd. is a merchant on Alibaba.com at https://spiretechnology.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 707, Fukang Int'l Complex Building, Dayawan West Zone, Huizhou, Guangdong, China (Mainland).

136. Upon information and belief, Defendant Shenzhen Sunlights Innovation & Technology Co., Ltd. is a merchant on Alibaba.com at https://sunlights.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Room 1509, Xinwei Building, Jianhui Road, Longhua, Shenzhen, Guangdong, China (Mainland).

137.   Upon information and belief, Defendant Shenzhen Suoya Business Co., Ltd. is a merchant on Alibaba.com at https://szsuoya.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at A6-09, 4F, Ruilong Bldg., Jihua Rd. 229, Buji St., Longgang District, Shenzhen, Guangdong, China (Mainland).

138.   Upon information and belief, Defendant Shenzhen Tai Li Technology Co., Ltd.. is a merchant on Alibaba.com at https://tailisz.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at D-501, Longxi Flat, Minle Ind. Zone, Meiban Road, Longhua New Dist., Shenzhen, Guangdong, China (Mainland).

139.   Upon information and belief, Defendant Shenzhen Union Create Ji Ye Technology Co., Ltd. is a merchant on Alibaba.com at https://tvgameghost.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 609-610, Shencai Bldg., No. 92, Fuyong Road, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

140.   Upon information and belief, Defendant Shenzhen Uplus Technology Co., Ltd. is a merchant on Alibaba.com at https://uplustec.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 508, Bldg. B2, Gushu Hongwan Chuangke Center, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

141.   Upon information and belief, Defendant Shenzhen Victeke Technologies Co., Ltd. is a merchant on Alibaba.com at https://victeke.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at A602, Hongsheng Industrial Building, West Beihuan Road, Shajing, Bao'an Area, Shenzhen, Guangdong, China (Mainland).

142. Upon information and belief, Defendant Shenzhen Xinwanggu Technology Limited is a merchant on Alibaba.com at https://szxwgkj.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at A602 1507-1509, Solar Silicon Valley, Queshan Crossing, Longhua New Dist., Shenzhen, Guangdong, China (Mainland)

143. Upon information and belief, Defendant Shenzhen Xinyue Electronic Co., Ltd. is a merchant on Alibaba.com at https://gdxinyue.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Tax House 304 ,no. 52, Songling Road, Futian District, Shenzhen, Guangdong, China (Mainland).

144. Upon information and belief, Defendant Shenzhen Yunwei Technology Co., Ltd. is a merchant on Alibaba.com at https://yunweiglobal.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place at of business611, Hongye Business Building, 1 Lane, Snow Science Park, Jihua Road, Bantian Street, Longgang District, Shenzhen, Guangdong, China (Mainland).

145. Upon information and belief, Defendant shenzhen0721 is a merchant on DHGate.com at https://www.dhgate.com/store/20823069, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangxi, China (Mainland).

146. Upon information and belief, Defendant Shiny&Beauty1 Store is a merchant on AliExpress.com at https://www.aliexpress.com/store/2881246, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

147. Upon information and belief, Defendant shoppingmalltoy is a merchant on DHGate.com at https://www.dhgate.com/store/20890276, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

148.    Upon information and belief, Defendant Sixiren Toy Co., Ltd., Guangzhou is a merchant on AliExpress.com at http://www.aliexpress.com/store/700001, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

149.    Upon information and belief, Defendant Southsea Flying Dragon (Shenzhen) Technology Co., Ltd. is a merchant on Alibaba.com at https://lt-led.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Room 76005, 7th Floor, Hi-Tech Group Building, 2076, Moon Bay Road, Nanshan Street, Nanshan District, Shenzhen, Guangdong, China (Mainland).

150.    Upon information and belief, Defendant Supercard is a merchant on DHGate.com at https://www.dhgate.com/store/20548956, where it offers for sale and/or sells Infringing Products with a principal place of business in Zhejiang, China (Mainland).

151.    Upon information and belief, Defendant Tianjin Yao Poly Import And Export Limited Company is a merchant on Alibaba.com at https://tjyaopoly.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at B-1204, Senmiao Qinghua Park, No. 12, Yunnan Road, Heping Dist., Tianjin, China (Mainland).

152.    Upon information and belief, Defendant topkidsclothes is a merchant on DHGate.com at https://www.dhgate.com/store/20804676, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangxi, China (Mainland).

153.    Upon information and belief, Defendant toyscoda is a merchant on DHGate.com at    https://www.dhgate.com/wholesale/products/ff8080815d7348eb015d7c6844d0071c.html, where it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

154.    Upon information and belief, Defendant toysfunny is a merchant on DHGate.com at https://www.dhgate.com/store/20705800, where it offers for sale and/or sells Infringing Products with a principal place of business in Shanghai, China (Mainland).

155.    Upon information and belief, Defendant toysstore2017 is a merchant on DHGate.com at https://www.dhgate.com/store/20698598, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

156.    Upon information and belief, Defendant tradeuniverse is a merchant on DHGate.com at https://www.dhgate.com/store/14239555, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

157.    Upon information and belief, Defendant tsmq is a merchant on DHGate.com at https://www.dhgate.com/store/20819912, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

158.    Upon information and belief, Defendant TTOYS Store is a merchant on Alibaba.com at https://ttoys.aliexpress.com/store/3015013, where it offers for sale and/or sells Infringing Products with a principal place in China (Mainland).

159.    Upon information and belief, Defendant tyhm a/k/a New Network Technology Co., Ltd is a merchant on DHGate.com at https://www.dhgate.com/store/20076884, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

160.    Upon information and belief, Defendant UniQ Electronics Technology Shenzhen Co., Limited is a merchant on Alibaba.com at https://uniq.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place at Plant 01, Floor 4, Bldg. 10,

Changxing Technology Park, Wan'an Road, Shayi, Shajing St., Baoan Area, Shenzhen, Guangdong, China (Mainland).

161.    Upon information and belief, Defendant vieeo is a merchant on DHGate.com at https://www.dhgate.com/store/14771633, where it offers for sale and/or sells Infringing Products with a principal place of business in Beijing, China (Mainland).

162.    Upon information and belief, Defendant volcanee02 is a merchant on DHGate.com at https://www.dhgate.com/store/rig, where it offers for sale and/or sells Infringing Products with a principal place of business in Hubei, China (Mainland).

163.    Upon information and belief, Defendant Wfztzg01 is a merchant on DHGate.com at https://www.dhgate.com/store/20747510, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

164.    Upon information and belief, Defendant whitedolphin is a merchant on DHGate.com at https://www.dhgate.com/store/20732168, where it offers for sale and/or sells Infringing Products with a principal place of business in Beijing, China (Mainland).

165.    Upon information and belief, Defendant willden_sunglasses is a merchant on DHGate.com at https://www.dhgate.com/store/20401565, where it offers for sale and/or sells Infringing Products with a principal place of business in Henan, China (Mainland).

166.    Upon information and belief, Defendant Win Best Import And Export Co., Ltd. is a merchant on Alibaba.com at https://wbdecor.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Rm. 2801, Bldg. 1, ARC Main Square, 88 Shinianpanzheng Street, Shapingba Dist., Chongqing, China (Mainland).

167.    Upon information and belief, Defendant WISEBIZ (Shenzhen) Technology Limited is a merchant on Alibaba.com at https://wisebiz.en.alibaba.com, where it offers for sale

37

and/or sells Infringing Products with a principal place of business at Xia'ao Shangtai Zone, Longshi Village, Longshi Town, Jian, Jiangxi, China (Mainland).

168. Upon information and belief, Defendant wwwmicsellcom__ is a merchant on DHGate.com at https://www.dhgate.com/store/20347941, where it offers for sale and/or sells Infringing Products with a principal place of business in Hebei, China (Mainland).

169. Upon information and belief, Defendant wxt694375379 is a merchant on DHGate.com at https://www.dhgate.com/store/19864260, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

170. Upon information and belief, Defendant Xiamen Papler Industry Co., Ltd. is a merchant on Alibaba.com at https://papler.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at No. 103 Factory, Tong'an Park, Tong'an Industrial Zone, Xiamen, Fujian, China (Mainland).

171. Upon information and belief, Defendant Xingning Besten Industrial Co., Ltd. is a merchant on Alibaba.com at http://xnbesten.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at No. 412, Xingtian 2nd Road, Ningzhong Town, Xingning, Meizhou, Guangdong, China (Mainland).

172. Upon information and belief, Defendant Yiwu Caddy Aarts&crafts Factory is a merchant on Alibaba.com at https://vicsun88.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at No. 412, Floor 4, West, No. 12, First Street, Wuhua Road, Heyetang, Yiwu, Jinhua, Zhejiang, China (Mainland).

173. Upon information and belief, Defendant Yiwu Dingqiang Import And Export Co., Ltd. is a merchant on Alibaba.com at https://cndinqiang.en.alibaba.com, where it offers for sale

and/or sells Infringing Products with a principal place of business at Xinyuan Village, Suxi Town, Yiwu, Zhejiang, China (Mainland).

174. Upon information and belief, Defendant Yiwu Fozo Craft Factory is a merchant on Alibaba.com at https://senceglobal.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 101, 1st Floor, Bldg. C, No. 4, Xingye 3rd Street, Xiabian Community, Chang'an Town, Dongguan, Guangdong, China (Mainland).

175. Upon information and belief, Defendant Yiwu Jinming E-Trading Firm is a merchant on Alibaba.com at https://jinmingtrading.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Unit 1, Bldg. 33, Xichen 1st Area, Jiangdong Street, Yiwu, Zhejiang, China (Mainland).

176. Upon information and belief, Defendant Yiwu Lingshuo Trading Co., Ltd. a/k/a Yiwu United Crafts Co., Ltd is a merchant on Alibaba.com at https://leadspl.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at 201, No. 15, 19 Building, Changchun Community, Yiwu, Zhejiang, China (Mainland).

177. Upon information and belief, Defendant Yiwu Liuhe Clothing Factory is a merchant on Alibaba.com at https://ywwholesaleclothing.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Unit 2, 65 Bldg., Danguiyuan, Danxi 3 District, Yiwu, Jinhua, Zhejiang, China (Mainland).

178. Upon information and belief, Defendant Yiwu Max Firm Import & Export Co., Ltd. is a merchant on Alibaba.com at https://ywmaxfirm.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Room 502, No. 999, Chouzhou North Road, Yiwu, Zhejiang, China (Mainland).

179.    Upon information and belief, Defendant Yiwu Royal Commodity Co., Ltd. is a merchant on Alibaba.com at https://ywroyal.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Floor 2, Unit 5, Bldg. 115, Honghua Plot, Yiwu, Jinhua, Zhejiang, China (Mainland).

180.    Upon information and belief, Defendant Yiwu Zhouting Trade Co., Ltd. is a merchant on Alibaba.com at https://yiwuzhouting.en.alibaba.com, it offers for sale and/or sells Infringing Products with a principal place of business at Rm. 613, Bldg. 2, No. 508, Binwang Road, Yiwu, Jinhua, Zhejiang, China (Mainland).

181.    Upon information and belief, Defendant YouNeed Trading Store is a merchant on AliExpress.com at https://www.aliexpress.com/store/1755445, it offers for sale and/or sells Infringing Products with a principal place of business in China (Mainland).

182.    Upon information and belief, Defendant yting3 is a merchant on DHGate.com at https://www.dhgate.com/store/20741357, where it offers for sale and/or sells Infringing Products with a principal place of business in Guangdong, China (Mainland).

183.    Upon information and belief, Defendant zhangbx is a merchant on DHGate.com at https://www.dhgate.com/store/20670063, where it offers for sale and/or sells Infringing Products with a principal place of business in Fujian, China (Mainland).

184.    Upon information and belief, Defendant zhizun12 is a merchant on DHGate.com at https://www.dhgate.com/store/20737719, where it offers for sale and/or sells Infringing Products with a principal place of business in Sichuan, China (Mainland).

185.    Upon information and belief, Defendant Zhuhai Haiyuan Technology Co., Ltd. is a merchant on Alibaba.com at https://showall.en.alibaba.com, where it offers for sale and/or sells Infringing Products with a principal place of business at Rm. 711, Floor 7, Taishang

Action Center, No. 2029, Mingzhu South Road, Qianshan, Zhuhai, Guangdong, China (Mainland).

## **GENERAL ALLEGATIONS**

### **WowWee and Its Well-Known Consumer Products**

186.    WowWee is a leading designer, developer, marketer, and distributor of innovative robotic toys and consumer entertainment products ("Authentic Products").   WowWee promotes and sells its Authentic Products throughout the U.S. and the world through major retailers, quality toy stores, department stores, and online marketplaces, including, but not limited to, Toys R Us, Target, Walmart, Amazon and Gamestop.

187.    One of WowWee's most popular and successful products are its Fingerlings toys, which are hand-held robotic toys that react to sound, motion, and touch and are designed to look like, for example, monkeys, unicorns and sloths ("Fingerlings Product(s)").   Images of the Fingerlings Products are attached hereto as **Exhibit A** and incorporated herein by reference.

188.    The Fingerlings Products achieved great success since their introduction in 2017.

189.    Moreover, the Fingerling Products are widely recognized as the must-have toy product for 2017 as indicated by the toy industry's leaders and features in major news outlets including, but not limited to, TTPM, Money Magazine, Good Housekeeping, Business Insider, Newsday, Yahoo!, The Toy Insider and CNN.

190.    WowWee owns both registered and unregistered copyrights in and related to the Fingerlings Products and associated packaging.

191.    WowWee has protected its valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Fingerlings Products.  For example, WowWee is the owner of the following U.S. Copyright Registrations Nos.:VAu 1-289-245 covering the Fingerlings

Monkey, VA 2-068-259 covering the Fingerlings Monkey Packaging, VA 2-068-535 covering the Fingerlings Unicorn, VA 2-070-852 covering the Fingerlings Unicorn Packaging, VA 2-070-721 covering the Fingerlings Sloth, VA 2-70-721 covering the Fingerlings Sloth Packaging and TX 8-431-649 covering the Fingerlings Monkey User Manual (collectively referred to as the "Fingerlings Works"). True and correct copies of the U.S. copyright registration certificates and the corresponding deposit materials for the Fingerlings Works are attached hereto as **Exhibit B** and incorporated herein by reference.

192.    While WowWee has gained significant common law trademark and other rights in the Fingerlings Products through its use, advertising and promotion of the same, WowWee has also sought to protect its valuable rights by filing for and obtaining federal trademark registrations.

193.    For example, WowWee owns the following U.S. Trademark Registration Nos.: 3,289,747 for "WOW WEE" for a variety of goods in Class 9 and Class 28 ("WowWee Word Mark"), 4,505,483 for ⚉ a variety of goods in Class 9 and Class 28 ("WowWee Robot Logo"), and 5,325,724 for "FINGERLINGS" for a variety of goods in Class 28 ("Fingerlings Mark") (the WowWee Word Mark, WowWee Robot Logo and Fingerlings Mark are collectively referred to as the "Fingerlings Marks"). True and correct copies of the trademark registration certificates for the Fingerlings Marks are attached hereto as **Exhibit C** and incorporated herein by reference.

194.    The Fingerlings Marks are currently in use in commerce in connection with the Fingerlings Products.

195.    The Fingerlings Products generally retail for $14.99.

196.    WowWee spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in the Fingerlings Products, Fingerlings Works and Fingerlings Marks.

197.    The success of the Fingerlings Products is due in large part to WowWee's marketing, promotional and distribution efforts.    These efforts include advertising and promotion through television, WowWee's website, https://fingerlings.com (the "Website"), retailer websites and other internet-based advertising, print and other efforts both domestically and abroad.

198.    WowWee's success is also due to its use of high quality materials and processes in making the Fingerlings Products.

199.    Additionally, WowWee owes a substantial amount of the success of the Fingerlings Products to its consumers and word-of-mouth buzz that its consumers have generated.

200.    As a result of WowWee's efforts, the quality of its Fingerlings Products, its promotions, extensive press and media coverage and word-of mouth-buzz, the Fingerlings Products, Fingerlings Works and Fingerlings Marks have become prominently placed in the minds of the public.    Members of the public have become familiar with Fingerlings Products, Fingerlings Works and Fingerlings Marks, and have come to recognize the Fingerlings Products, Fingerlings Works and Fingerlings Marks and associate them exclusively with WowWee.    WowWee acquired a valuable reputation and goodwill among the public as a result of such associations.

201.    WowWee has gone to great lengths to protect its interests in and to the Fingerlings Works and Fingerlings Marks.    No one other than WowWee is authorized to

manufacture, import, export, advertise, offer for sale or sell any goods utilizing the Fingerlings Works or Fingerlings Marks without the express written permission of WowWee.

### The Digital Marketplaces and Defendants' Storefronts

202.   Alibaba.com, AliExpress.com and DHgate.com are global online marketplaces which allow manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York (hereinafter collectively referred to as the "Digital Marketplaces").

203.   As the leaders of China's e-commerce and digital retail market, the Digital Marketplaces have generated hundreds of billions in sales worldwide.[1]   International markets, including the U.S., make up a significant percentage of the Digital Marketplaces' sales.  For example, in the last fiscal year, revenue from international retail sales grew by 25% on AliExpress.com to $342 million and 15% on Alibaba.com to $841 million.[2]  The press reported that the growth in sales on AliExpress.com resulted from an increase in the number of buyers, particularly from the U.S., as well as other large countries like Russia and Brazil.[3]  Additionally, according to *Business Insider*, excluding China, the U.S. was among the top five countries with packages coming from Alibaba's marketplaces on the company's "Singles' Day" (often compared to the U.S.'s Cyber Monday) in 2015, which resulted in over $14 billion in sales in

---

[1] *See* Kenneth Rapoza, *Jack Ma's Alibaba Promises Huge Sales Boom, $910 Billion In Merchandise Volume By 2020*, FORBES (Jun. 15, 2016), http://www.forbes.com/sites/kenrapoza/2016/06/15/jack-ma-foretells-huge-sales-boom-for-chinese-e-commerce-giant-alibaba/#78d364486b52.

[2] *See* Frank Tong, *Alibaba's annual web sales easily surpass U.S. e-retail sales*, DIGITALCOMMERCE360.COM (May 5, 2016), https://www.internetretailer.com/2016/05/05/alibabas-annual-web-sales-easily-surpass-us-e-retail-sales.

[3] *See* Frank Tong, *An Alibaba site sells $4.5 billion in one year to consumers outside of China*, DIGITALCOMMERCE360.COM (Sept. 11, 2014), https://www.internetretailer.com/2014/09/11/alibaba-site-sells-45-billion-one-year-consumers-outs.

one day.[4]  Further, DHgate.com offers 25 million consumer products from 1.2 million suppliers for sale on their platform and attributes over half of their sales to U.S. buyers alone.[5]

204.    As recently addressed in the *Wall Street Journal*, *Fortune* and the *New York Times*,[6] and as reflected in the federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the Digital Marketplaces,[7] an astronomical number of counterfeit and infringing products are offered for sale and sold on the Digital Marketplaces at a rampant rate.

205.    Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their Online Accounts on the Digital Marketplaces.

206.    Through their Online Accounts, Defendants offer for sale and/or sell consumer products, including Infringing Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

---

[4] *See* Bob Bryan, *Alibaba just proved it's more than just some Chinese company*, BUSINESS INSIDER (Nov. 15, 2015), http://www.businessinsider.com/alibaba-international-expansion-2015-11.

[5] *See* Nona Tepper, *U.S. buyers account for half the sales on Hong Kong-based wholesale site DHgate.com*, DIGITALCOMMERCE360, (Jun. 22, 2015), https://www.internetretailer.com/2015/06/22/us-buyers-account-half-sales-dhgatecom.

[6] *See* Kathy Chu, *Alibaba Vows Crackdown on Fakes Amid Trade Group Controversy*, WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-vows-crackdown-on-fakes-amid-trade-group-controversy-1463127605?; Scott Cendrowski, *Chinese Regulator Again Calls Out Alibaba for Counterfeit Goods*, FORTUNE (Aug. 10, 2016), http://fortune.com/2016/08/11/alibaba-counterfeit-goods-regulator/; *see also* Kathy Chu, *Alibaba Suspends From Anticounterfeiting Group*, WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-suspended-from-anticounterfeiting-group-1463170527?tesla=y; Michael Schuman, *A Small Table Maker Takes On Alibaba's Flood of Fakes*, N.Y. TIMES (Mar. 18, 2017), https://www.nytimes.com/2017/03/18/business/alibaba-fake-merchandise-e-commerce.html.

[7] *See* Kathy Chu, *Luxury brands get tougher with counterfeiters – and Alibaba*, MARKETWATCH (Aug. 16, 2016), http://www.marketwatch.com/story/luxury-brands-get-tough-with-counterfeiters-2016-08-16-91031611; Gilian Wong, *Alibaba Sued Over Alleged Counterfeits*, WALL STREET JOURNAL (May 17, 2015), http://www.wsj.com/articles/alibaba-sued-over-alleged-counterfeits-1431877734; Scott Cendrowski, *There's no end in sight for Alibaba's counterfeit problem*, FORTUNE (May 18, 2015), http://fortune.com/2015/05/18/theres-no-end-in-sight-for-alibabas-counterfeit-problem/.

## **Defendants' Wrongful and Infringing Conduct**

207.    Particularly in light of WowWee's success, the Fingerlings Products, as well as the reputation they gained, WowWee and its Fingerlings Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation and fame WowWee amassed in its Fingerlings Products, the works embodied in the Fingerlings Works and the Fingerlings Marks.

208.    WowWee investigates and enforces against such activity, and through such efforts, learned of Defendants' actions which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing the Fingerlings Works, Fingerlings Marks and artwork that are confusingly or substantially similar to the Fingerlings Works and Fingerlings Marks, and/or are identical or confusingly or substantially similar to the Fingerlings Products (the "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' Storefronts.  Printouts of listings for Infringing Products from Defendants' Storefronts are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

209.    Defendants are not, and have never been, authorized by WowWee or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Fingerlings Products or to use WowWee's Fingerlings Works and Fingerlings Marks, or any marks or artwork that are confusingly or substantially similar to the Fingerlings Works or Fingerlings Marks.

210.    Defendants' Infringing Products are nearly indistinguishable from WowWee's Fingerlings Products, only with minor variations that no ordinary consumer would recognize.

211.    WowWee retained New Alchemy Limited ("NAL"), a company that provides trademark infringement research services, to investigate and research manufacturers, wholesalers, retailers, and/or other merchants offering for sale and/or selling Infringing Products on the Digital Marketplaces.

212.    During its investigation, NAL identified Defendants as offering for sale and/or selling Infringing Products and contacted Defendants through their respective Storefronts expressing interest in placing a bulk order for Infringing Products and inquiring about methods of payment. NAL also often requested the respective Defendant's e-mail addresses. Printouts of NAL's conversations with Defendants are included in **Exhibit D** attached hereto and incorporated herein by reference.

213.    During its communications with Defendants, NAL specified a shipping address located in in New York (the "New York Address") and verified that each Defendant provides shipping to the New York Address. Printouts of the checkout pages, order forms and/or pro forma invoices for the Infringing Products reflecting that the Defendants agreed to ship Infringing Products to the New York Address are included in **Exhibit D** attached hereto and incorporated herein by reference.

214.    NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Infringing Products through their respective Storefronts, accepting payment for such Infringing Products in U.S. Dollars through various payment processing services and that each Defendant provides shipping and/or has actually shipped Infringing Products to the U.S., including to customers located in New York. NAL's findings are supported by Defendants' listings for Infringing Products, their communications with NAL and/or the checkout pages, and

47

order forms and/or pro forma invoices for the Infringing Products, which are included in **Exhibit D** attached hereto and incorporated herein by reference.

215.     For example, beneath on the left is an image of WowWee's Fingerlings Product, which typically retails for $14.99.  Depicted beneath on the right is the listing for Defendant Arc World Electronic (Shenzhen) Limited's ("Arc World") Infringing Product ("Arc World Infringing Listing") that it offers for sale and/or sells through its Alibaba.com Storefront, https://arcworld.en.alibaba.com ("Arc World Storefront"), for $5.85 – 6.80 per item, using WowWee's Fingerlings Word Mark, or a confusingly similar mark, in the listing title "AWH200 2017 Hot Selling children toys **fingerling** toy finger monkey for children" (emphasis added) and featuring and/or incorporating one or more of WowWee's Fingerlings Marks, or a confusingly similar mark and WowWee's Fingerlings Works, or substantially similar artwork, in the descriptions and/or product images in the body of the listing ("Arc World Infringing Product").  The Arc World Infringing Product is virtually identical to WowWee's Fingerlings Product and features and/or incorporates one or more of WowWee's Fingerlings Works and Fingerlings Marks.  There is no question that the Arc World Infringing Product is designed to confuse and mislead consumers into believing that they are purchasing WowWee's Fingerlings Product or that the Arc World Infringing Product is otherwise approved by or sourced from WowWee, thereby trading off of the goodwill and reputation of WowWee by engaging in the unauthorized use of WowWee's Fingerlings Works and Fingerlings Marks:

**Fingerlings Products**              **Arc World's Infringing Product**

 

216.   Further, as depicted in the screenshot of Arc World's "Transaction Details" beneath, which was taken from the Arc World Infringing Listing, Arc World has completed at least 12transactions to buyers located in the U.S.:

**Transaction Details**



217. As another example, beneath on the left is an image of WowWee's Fingerlings Product, which typically retails for $14.99. Depicted beneath on the right is the listing for Defendant caig's Infringing Product that it offers for sale and/or sells through its DHGate.com Storefront, https://www.dhgate.com/store/20804445 ("caig Storefront"), for $9.05 - 9.90 per item (the "caig Infringing Product") using WowWee's Fingerlings Word Mark, or a confusingly similar mark, in the listing title (*i.e.*, "Have in stock Fingers Monkey toy **Fingerlings** Interactive Baby Monkey Finger Toys Monkey Electronic Smart Touch New arrival 6 colors ABS+PVC" (emphasis added)) and featuring and/or incorporating one or more of WowWee's Fingerlings Marks, or a confusingly similar mark and WowWee's Fingerlings Works, or substantially similar artwork, in the descriptions and/or product images in the body of the listing ("caig Listing"). The caig Infringing Product is virtually identical to WowWee's

Fingerlings Product and features and/or incorporates one or more of WowWee's Fingerlings Works and Fingerlings Marks. It is indisputable that the caig Infringing Product is designed to confuse and mislead consumers into believing that they are purchasing WowWee's Fingerlings Product or that the caig Infringing Product is otherwise approved by or sourced from WowWee, thereby trading off of the goodwill and reputation of WowWee by engaging in the unauthorized use of WowWee's Fingerlings Works and Fingerlings Marks:

**Fingerlings Product**                              **caig Infringing Product**

     

218. Further, as depicted in the screenshots of caig's "Shipping Time and Cost" beneath, which was taken from the caig Infringing Listing, caig accepts payment in U.S. dollars and ships to the U.S.:

**Shipping Time and Cost**

Item Location:

Shipping to: United States ▾    Purchase Quantity: 48    Calculate

| Service | Estimated Shipping Time | Shipping Cost |
| --- | --- | --- |
| DHL | 1-5 days | Free Shipping |
| FEDEX | 1-8 days | Free Shipping |
| EMS | 4-19 days | US $7660.52 |

219.    By way of another example, beneath on the left is an image of WowWee's Fingerlings Product, which retails for $14.99.  Depicted beneath on the right is the listing for Defendant FXSUM Stationery Store's ("FXSUM") Infringing Product that it offers for sale and/or sells through its AliExpress.com Storefront, https://www.aliexpress.com/store/1522576 ("FXSUM Storefront"), for $5.13 – 18.41 per item (the "FXSUM Infringing Product") and using WowWee's Fingerlings Word Mark, or a confusingly similar mark, in the listing title (*i.e.*, "FXSUM Stationery Sets Ruler Solar Calculator + **Fingerlings** Interactive Baby Monkeys Toys for Kids School Student Christmas Gifts" (emphasis added)), and featuring and/or incorporating one or more of WowWee's Fingerlings Marks, or a confusingly similar mark and WowWee's WowWee's Fingerlings Works, or substantially similar artwork, on the descriptions and/or product images in the body of the listing ("FXSUM Infringing Listing").  The FXSUM Infringing Product is virtually identical to WowWee's Fingerlings Product and features and/or incorporates one or more of WowWee's Fingerlings Works and Fingerlings Marks.  It is indisputable that the FXSUM Infringing Product is designed to confuse and mislead consumers into believing that they are purchasing WowWee's Fingerlings Product or that the FXSUM Infringing Product is otherwise approved by or sourced from WowWee, thereby trading off of

the goodwill and reputation of WowWee by engaging in the unauthorized use of WowWee's Fingerlings Works and Fingerlings Marks:

**Fingerlings Product**

**FXSUM Infringing Product**




220.    The FXSUM Infringing Listing also reflects that FXSUM accepts payment in U.S. Dollars.  Further, as depicted in the screenshot of FXSUM's "Shipping and Payment" beneath, which was taken from the FXSUM Infringing Listing, the various shipping methods and times to the U.S. are detailed:

| Shipping Company | Shipping Cost | Estimated Delivery Time | Tracking Information |
|---|---|---|---|
| AliExpress Standard Shipping | US $3.63 Free Shipping | 19-39 days | Available |
| ePacket | US $3.74  US $1.05  You save: US $2.66 (about 72%) | 12-20 days | Available |
| China Post Registered Air Mail | US $3.78 | 19-39 days | Not available |
| Fedex IE | US $17.07 | 3-16 days | Available |
| DHL | US $57.53 | 6-13 days | Available |
| UPS Express Saver | US $57.93 | 5-8 days | Available |
| Fedex IP | US $59.91 | 5-8 days | Available |
| UPS Expedited | US $63.15 | 11-17 days | Available |
| TNT | US $71.36 | 12-60 days | Available |

**IMPORTANT: China Post Air Mail, China Post Air Parcel, Hongkong Post Air Mail, Hongkong Post Air Parcel may not be tracked and may result in delays or lost parcels.**

221.    By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products), Defendants violated WowWee's exclusive rights in its Fingerlings Works and Fingerlings Marks, and have used images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute counterfeiting and/or infringement of WowWee's Fingerlings Works and Fingerlings Marks in order to confuse consumers into believing that such Infringing Products are WowWee's Fingerlings Products and aid in the promotion and sales of their Infringing Products. Defendants' conduct began long after WowWee's adoption and use of its Fingerlings Works and Fingerlings Marks, after WowWee obtained the U.S. registrations in the Fingerlings Works and WowWee Marks, as alleged above, and after WowWee's Fingerlings Products became well-known to the purchasing public.

222.    Prior to and contemporaneous with their actions alleged herein, Defendants had knowledge of WowWee's ownership of its Fingerlings Works and Fingerlings Marks, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Fingerlings Products, and in bad faith adopted WowWee's Fingerlings Works and Fingerlings Marks.

223.    Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to WowWee's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of WowWee, WowWee's Fingerlings Marks, Fingerlings Works and Fingerlings Products.

224.    Defendants' dealings in Infringing Products, as alleged herein, has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Infringing Products, thereby causing consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with WowWee, thereby damaging WowWee.

225.    In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to WowWee: infringed and counterfeited the WowWee Marks; infringed the Fingerlings Word Mark; infringed the Fingerling Works; committed unfair competition and unfairly and unjustly profited from such activities at WowWee's expense.

226.    Unless enjoined, Defendants will continue to cause irreparable harm to WowWee.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)))**

227.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

228.    WowWee is the exclusive owner of all right and title to the WowWee Marks.

229.    Without WowWee's authorization or consent, with knowledge of WowWee's well-known and prior rights in their WowWee Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced,

copied and/or colorably imitated the WowWee Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the WowWee Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

230.    Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with WowWee, in or affecting interstate commerce, and/or have acted with reckless disregard of WowWee's rights in and to the WowWee Marks through their participation in such activities.

231.    Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the WowWee Marks to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by WowWee, thereby making substantial profits and gains to which they are not entitled in law or equity.

232.    Defendants' unauthorized use of the WowWee Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by WowWee, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the WowWee Marks.

233. Defendants' actions constitute willful counterfeiting of the WowWee Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

234. As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to WowWee, their business, their reputations and their valuable rights in and to the WowWee Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which WowWee has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to WowWee and their valuable WowWee Marks.

235. Based on Defendants' actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Infringement of Registered Trademarks)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

236. WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

237. WowWee, as owner of all right, title, and interest in and to the WowWee Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

238. Defendants were, at the time they engaged in their actions as alleged herein, actually aware that WowWee is the owner of the federal trademark registrations for the

WowWee Marks.

239.   Defendants did not seek, and thus inherently failed to obtain consent or authorization from WowWee, as the registered trademark owner of the WowWee Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell Fingerlings Products and/or related products bearing the WowWee Marks into the stream of commerce.

240.   Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold Infringing Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the WowWee Marks and/or which are identical or confusingly similar to the WowWee Marks.

241.   Defendants knowingly and intentionally reproduced, copied, and colorably imitated the WowWee Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Infringing Products.

242.   Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that WowWee is the owner of all rights in and to the WowWee Marks.

243.   Defendants' egregious and intentional use of the WowWee Marks in commerce on or in connection with Defendants' Infringing Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to

deceive, the general purchasing public as to the source or origin of the Infringing Products, and is likely to deceive the public into believing that Defendants' Infringing Products are WowWee's Fingerlings Products or are otherwise associated with, or authorized by, WowWee.

244. Defendants' actions have been deliberate and committed with knowledge of WowWee's rights and goodwill in the WowWee Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

245. Defendants' continued, knowing, and intentional use of the WowWee marks without WowWee's consent or authorization constitutes intentional infringement of WowWee's federally registered WowWee Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

246. As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, WowWee has suffered substantial monetary loss and irreparable injury, loss and damage to their business and their valuable rights in and to the WowWee Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to WowWee and their valuable WowWee Marks.

247. Based on Defendants' actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, and reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

248.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

249.    WowWee, as the owner of all right, title, and interest in and to the Fingerlings Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

250.    The Fingerlings Marks are inherently distinctive and/or have acquired distinctiveness.

251.    Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to and constitute reproductions of WowWee's Fingerlings Marks and Fingerlings Works, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Infringing Products, with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Infringing Products are Fingerlings Products or related products, and/or that Defendants' Infringing Products are authorized, sponsored, approved, endorsed or licensed by Plaintiffs, and/or that Defendants are affiliated, connected or associated with WowWee, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, WowWee's Fingerlings Marks and Fingerlings Works, to Defendants' substantial profit in blatant disregard of WowWee's rights.

252. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products that are identical to, confusingly similar to or which constitute colorable imitations of WowWee's Fingerlings Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of WowWee's Fingerlings Marks and Fingerlings Works, Defendants have traded off the extensive goodwill of WowWee and their Fingerlings Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Infringing Products, thereby directly and unfairly competing with WowWee. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of WowWee and their Fingerlings Marks, which Plaintiffs have amassed through their nationwide marketing, advertising, sales and consumer recognition.

253. Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of WowWee's Fingerlings Marks and Fingerlings Works would cause confusion, mistake or deception among purchasers, users and the public.

254. Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of WowWee, its Fingerlings Products, Fingerlings Marks and Fingerlings Works.

255. As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to WowWee by depriving WowWee of sales of their

Fingerling Products and by depriving WowWee of the value of their Fingerlings Marks and Fingerlings Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to WowWee and the goodwill and reputation associated with the value of Fingerlings Marks and Fingerlings Works.

256.   Based on Defendants' wrongful conduct, WowWee is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that WowWee has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

257.   WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

258.   WowWee is the exclusive owner of the Fingerlings Works.

259.   Defendants had actual notice of WowWee's exclusive rights in and to the Fingerlings Works.

260.   Defendants did not attempt and therefore inherently failed to obtain WowWee's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market WowWee's Fingerlings Products and/or Fingerlings Works.

261.   Without permission, Defendants knowingly and intentionally reproduced,

copied, and displayed WowWee's Fingerlings Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which bear such Fingerlings Works, or artwork that is, at a minimum, substantially similar to WowWee's Fingerlings Works.

262.    Defendants' unlawful and willful actions as alleged herein constitute infringement of WowWee's Fingerlings Works, including WowWee's exclusive rights to reproduce, distribute and/or sell such Fingerlings Works in violation of 17 U.S.C. § 501(a).

263.    Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to WowWee in an amount as yet unknown but to be proven at trial, for which WowWee has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to WowWee.

264.    Based on Defendants' wrongful conduct, WowWee is entitled to injunctive relief, WowWee's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Violation of Deceptive Acts and Practices Unlawful)**
**[N.Y. Gen. Bus. Law § 349]**

265.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

266.    Through Defendants' unlawful, unauthorized, and unlicensed use of WowWee's Fingerling Works and/or Fingerlings Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products which are identical

and/or confusingly or substantially similar to WowWee's Fingerlings Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

267.    Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade, or commerce.  Such conduct has deceived and materially misleads, or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure WowWee's business, reputation, and goodwill in violation of N.Y. Gen. Bus. Law § 349.

268.    As a result of Defendants' actions alleged herein, WowWee has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

269.    Pursuant to N.Y. Gen. Bus. Law. § 349(h), WowWee is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (False Advertising Unlawful)
### [N.Y. Gen. Bus. Law § 350]

270.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

271.    Without the authorization of WowWee, Defendants have used WowWee's Fingerlings Works and/or Fingerlings Marks and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to WowWee's Fingerlings Works and/or Fingerlings Marks in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing

Products which are identical and/or confusingly or substantially similar to WowWee's Fingerlings Products, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship or quality of Defendants' Infringing Products.

272. Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured and will continue to injure WowWee's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

273. As a result of Defendants' actions alleged herein, WowWee has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

274. Pursuant to N.Y. Gen. Bus. Law. § 350(e), WowWee is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

275. WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

276. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products, Defendants have traded off the extensive goodwill of WowWee and its Fingerlings Products to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with WowWee. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of WowWee which WowWee has amassed through

its nationwide marketing, advertising, sales and consumer recognition.

277.    Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products was and is in violation and derogation of WowWee's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Infringing Products.

278.    Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users and the public.

279.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake and to deceive, in blatant disregard of WowWee's rights, and for the wrongful purpose of injuring WowWee and its competitive position while benefiting Defendants.

280.    As a direct and proximate result of Defendants' aforementioned wrongful actions, WowWee has been and will continue to be deprived of substantial sales of its Fingerlings Products in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law, and WowWee has been and will continue to be deprived of the value of its Fingerlings Works and Fingerlings Marks as commercial assets in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law.

281. As a result of Defendants' actions alleged herein, WowWee is entitled to injunctive relief, an order granting WowWee's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

### EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

282. WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

283. By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

284. Defendants' retention of monies gained through its deceptive business practices, infringement, acts of deceit, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

### PRAYER FOR RELIEF

**WHEREFORE**, WowWee prays for judgment against Defendants, inclusive and each of them, as follows:

A. For an award of Defendants' profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B. In the alternative to Defendants' profits and WowWee's actual damages,

enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, which WowWee may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and WowWee's damages in an amount to be proven at trial for willful trademark infringement of their federally registered Fingerlings Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of WowWee's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of WowWee's Fingerlings Works under 17 U.S.C. § 501(a);

F.      In the alternative to WowWee's actual damages and Defendants' profits for copyright infringement of WowWee's Fingerlings Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which WowWee may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and

practices unlawful pursuant to N.Y. Gen. Bus. Law. § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law. § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

> i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;
>
> ii.   directly or indirectly infringing in any manner any of WowWee's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation WowWee's Fingerlings Marks or Fingerlings Works;
>
> iii.   using any reproduction, counterfeit, copy or colorable imitation of WowWee's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, WowWee's Fingerlings Marks and Fingerlings Works to identify any goods or services not authorized by WowWee;
>
> iv.   using any of WowWee's trademarks, copyrights or other rights (whether

now in existence or hereafter created) including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or any other marks or artwork that are confusingly or substantially similar WowWee's Fingerlings Works or Fingerlings Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with WowWee, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by WowWee;

vi.  engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii.  engaging in any other actions that constitute unfair competition with WowWee;

viii.  engaging in any other act in derogation of WowWee's rights;

ix.  secreting, destroying, altering, removing or otherwise dealing with the

Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

x.  from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts, any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to accounts associated with or utilized by any Defendant or any Defendant's User Accounts (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts"), and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

xi.  from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action and

xiii.  instructing, assisting, aiding or abetting any other person or entity in

engaging in or performing any of the activities referred to in subparagraphs (i) through (xii) above; and

L.      For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to WowWee for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of WowWee's trademarks, copyrights or other rights including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or bear any marks that are confusingly or substantially similar to WowWee's Fingerlings Works or Fingerlings Marks;

M.      For an order of the Court requiring that Defendants deliver up for destruction to WowWee any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of WowWee's trademarks, copyrights, or other rights including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or bear any marks that are confusingly or substantially similar to WowWee's Fingerlings Works or Fingerlings Marks pursuant to 15 U.S.C. § 1118;

N.      For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.      For an order from the Court that an asset freeze or constructive trust be imposed

over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to WowWee;

P.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.      For WowWee's reasonable attorneys' fees;

R.      For all costs of suit and

S.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

WowWee respectfully demands a trial by jury on all claims.

Dated: November 28, 2017                        Respectfully submitted,

                                                EPSTEIN DRANGEL, LLP

                                                BY:

                                                Mary Kate Brennan (MB 5595)
                                                mbrennan@ipcounselors.com
                                                Spencer Wolgang (SW 2389)
                                                swolgang@ipcounselors.com
                                                Ashly E. Sands (AS 7715)
                                                asands@ipcounselors.com
                                                Jason M. Drangel (JD 7204)
                                                jdrangel@ipcounselors.com
                                                60 East 42nd Street, Suite 2520
                                                New York, NY 10165
                                                Telephone:     (212) 292-5390
                                                Facsimile:     (212) 292-5391
                                                *Attorneys for Plaintiffs*
                                                *WowWee Group Limited,*
                                                *WowWee Canada, Inc., and*
                                                *WowWee USA, Inc.*