Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer J. Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc. and*
*WowWee USA, Inc.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/31/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOWWEE GROUP LIMITED, WOWWEE CANADA, INC. and WOWWEE USA, INC., <br><br> *Plaintiffs* <br><br> v. <br><br> A249345157, ABAS, ALIAMOON, ARC WORLD ELECTRONIC (SHENZHEN) LIMITED, B2CTRADER88, CAIG, CHENXUE123, CHMIYA, COCOKI, COCOXF, CURRYDOUBLE, DAILYSPREE, DENKAPPARAT, DILUSS, DLF0003, DONGGUAN BENRAY CRAFTS & ARTS CO., LTD., DONGGUAN DEEP DREAM ELECTRONIC CO., LIMITED, DONGGUAN SANKE MOULD&PLASTIC MANUFACTURE CO., LTD., DONGGUAN SHENGSI INDUSTRIAL CO., LTD., DONGGUAN SHENGTANG SILICONE PRODUCTS CO., LTD., DONGGUAN WANSHENG SILICONE PRODUCTS CO., LTD., DONGGUAN XIE XING ELECTRONIC PLASTIC CO., LTD., | 17-cv-9358 (VEC) <br><br> [~~PROPOSED~~] **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

1

DONGGUAN YOULIMEI SPORTING GOODS CO., LIMITED A/K/A KEDIMEI ELECTRONICS (SHENZHEN) CO., LIMITED, DONGGUAN YUYANG MUSICAL INSTRUMENT CO., LTD. A/K/A ZHIXIAN INDUSTRIAL LIMITED, DONGGUAN ZEQI PACKING CO., LTD. A/K/A HONG KONG CP-LINK CO., LTD, DORISZP, EONFUN, ERAINBOW, FASHION888TOY, FASHION9TOY, FASHIONFORWARD, FENGZU OUTDOOR STORE, FIRING, FRANKASON, FRANKMONEY, FROZENTOYS, FUZHOU RICHFORTH TRADE CO., LTD., FXSUM STATIONERY STORE, GGGZXL151019, GLASSPARADISE, GLOBALBSD888, GOTRICHTECH, GUANGZHOU ARFMA ELECTRONIC CO., LTD., GUOJINQUNQUN1, HAITENGBAO, HANGZHOU EASYLIN TRADE CO., LTD., HANGZHOU YIGE TRADE CO., LTD, HENGYI (GUANGZHOU) TRADING IMP. & EXP. CO., LTD., HYL950215, IRIS TECHNOLOGY CO., LTD., ISHENNONG, JAYTOYOFFICIAL, JESSE2017, JHZ666888, KADEN, KIMWOOD1608, KKCARDS, KOLAMOM STORE, LACHAPBELL, LEMEIHUI03, LEO_TOYS, LING2017, LWHONEY, MAIZHONGGOOD, MAXDREAM2017, MIKEXU888, MINEYKIDS, NANCHANG YONG GUAN TRADING CO., LTD., NANJING BONGEM IMPORT & EXPORT CO., LTD
NINGBO FENGHUA GOGO AUTOMATIC TRADING COMPANY LIMITED, NINGBO H&D IMPORT AND EXPORT CO., LTD., NINGBO HUISEN RUBBER & PLASTIC TECHNOLOGY CO., LTD., NINGBO LANGMING IMPORT AND EXPORT LIMITED, NINGBO LENO TRADING CO., LTD., OG INTELLIGENCE STORE, OLYMPICYIM, OSINDUSTRIAL, OUHOEHKDH, OUSUSUNBABY STORE, PINKEMPRESSFANS002 A/K/A

SHENZHEN PIRATE CAPTAIN TRADE CO., LTD., POINTOUCH1, ROCKYTSANG, SANCEY, SHANDONG SIMON BEARING CO., LTD., SHANGHAI2008, SHANTOU SMILOR TOYS FACTORY A/K/A SMILOR INDUSTRIAL CO., LTD., SHANXI XIN SHI YU COMMERCIAL AND TRADE CO., LTD., SHAOXING SOFA PROMOTION CO., LTD., SHENZHEN AISK ELECTRONIC CO., LIMITED, SHENZHEN AUGUSTSMOKE TECHNOLOGY CO., LTD, SHENZHEN BESTBUYTEC CO., LTD., SHENZHEN BOF TECHNOLOGY CO., LIMITED, SHENZHEN CHUANGSHIZC TECHNOLOGY CO., LTD., SHENZHEN DEEPFANS TECHNOLOGY CO., LTD., SHENZHEN EBST TRADING CO., LTD., SHENZHEN EJOY TECHNOLOGY CO., LTD., SHENZHEN E-MYWAY INDUSTRIAL CO., LTD., SHENZHEN ETINDGE ELECTRONIC CO., LTD., SHENZHEN EVER GRAND TECHNOLOGY CO., LTD. SHENZHEN FLYDA TECHNOLOGY CO., LTD., SHENZHEN FOREMOST INDUSTRIAL CO., LTD., SHENZHEN FUJIA ELECTRONICS CO., LTD., SHENZHEN FWY TECHNOLOGY CO., LTD., SHENZHEN GREIA TECHNOLOGY CO., LIMITED, SHENZHEN HAOYUNWEI TECHNOLOGY CO., LTD., SHENZHEN HERO TECHNOLOGY CO., LTD., SHENZHEN HONGSONIC ELECTRONICS CO., LTD., SHENZHEN HUAWEN TECHNOLOGY CO., LTD., SHENZHEN HYD TECHNOLOGY LTD., SHENZHEN JBK PET TECHNOLOGY CO., LTD., SHENZHEN JIEJIA TRADING COMPANY LIMITED, SHENZHEN JINPIN BALANCE TECHNOLOGY CO., LTD., SHENZHEN JUSTCIG TECHNOLOGY CO., LTD., SHENZHEN MAKEWAY TRADING CO., LTD., SHENZHEN MIDSUN TECHNOLOGY COMPANY LIMITED, SHENZHEN MINSHUNLONG TRADING CO., LTD., SHENZHEN NABOWEI

TECHNOLOGY CO., LTD., SHENZHEN NEW FLY TECHNOLOGY CO., LTD., SHENZHEN NOTION ELECTRONICS CO., LTD., SHENZHEN ONLY ACE LIGHTING TECH CO., LTD., SHENZHEN P PLUS GIFT CO., LTD., SHENZHEN PACIFIC OCEAN ELECTRONIC LTD., SHENZHEN SANDI DIGITAL CO., LTD., SHENZHEN SICMP PRINTING CO., LTD. | SHENZHEN TRULY BEAUTY INDUSTRY CO., LTD, SHENZHEN SPIRE TECHNOLOGY CO., LTD., SHENZHEN SUNLIGHTS INNOVATION & TECHNOLOGY CO., LTD., SHENZHEN SUOYA BUSINESS CO., LTD., SHENZHEN TAI LI TECHNOLOGY CO., LTD., SHENZHEN UNION CREATE JI YE TECHNOLOGY CO., LTD., SHENZHEN UPLUS TECHNOLOGY CO., LTD., SHENZHEN VICTEKE TECHNOLOGIES CO., LTD., SHENZHEN XINWANGGU TECHNOLOGY LIMITED, SHENZHEN XINYUE ELECTRONIC CO., LTD., SHENZHEN YUNWEI TECHNOLOGY CO., LTD., SHENZHEN0721, SHINY&BEAUTY1 STORE, SHOPPINGMALLTOY, SIXIREN TOY CO., LTD., GUANGZHOU, SOUTHSEA FLYING DRAGON(SHENZHEN) TECHNOLOGY CO., LTD., SUPERCARD, TIANJIN YAO POLY IMPORT AND EXPORT LIMITED COMPANY, TOPKIDSCLOTHES, TOYSCODA, TOYSFUNNY, TOYSSTORE2017, TRADEUNIVERSE, TSMQ, TTOYS STORE, TYHM A/K/A NEW NETWORK TECHNOLOGY CO., LTD, UNIQ ELECTRONICS TECHNOLOGY SHENZHEN CO., LIMITED, VIEEO, VOLCANEE02, WFZTZG01, WHITEDOLPHIN, WILLDEN_SUNGLASSES, WIN BEST IMPORT AND EXPORT CO., LTD., WISEBIZ (SHENZHEN) TECHNOLOGY LIMITED, WWWMICSELLCOM__, WXT694375379, XIAMEN PAPLER INDUSTRY CO., LTD., XINGNING

4

| |
|---|
| BESTEN INDUSTRIAL CO., LTD., YIWU CADDY AARTS&CRAFTS FACTORY, YIWU DINGQIANG IMPORT AND EXPORT CO., LTD., YIWU FOZO CRAFT FACTORY, YIWU JINMING E-TRADING FIRM, YIWU LINGSHUO TRADING CO., LTD. A/K/A YIWU UNITED CRAFTS CO., LTD, YIWU LIUHE CLOTHING FACTORY, YIWU MAX FIRM IMPORT & EXPORT CO., LTD., YIWU ROYAL COMMODITY CO., LTD., YIWU ZHOUTING TRADE CO., LTD., YOUNEED TRADING STORE, YTING3, ZHANGBX, ZHIZUN12 AND ZHUHAI HAIYUAN TECHNOLOGY CO., LTD.,<br>*Defendants* |

This matter comes before the Court upon Motion by Plaintiff WowWee Group Limited, Plaintiff WowWee Canada, Inc. and Plaintiff WowWee USA, Inc. (collectively, "WowWee" or "Plaintiffs") for the entry of a final judgment and permanent injunction by default as to Defendant vieeo ("Defaulting Defendant") for Defaulting Defendant's trademark infringement, trademark counterfeiting, false designation of origin, passing off, unfair competition, copyright infringement and related state and common law claims arising out of Defaulting Defendant's unauthorized use of Plaintiffs' Fingerlings Marks and Fingerlings Works, without limitation, in its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying offering for sale and/or selling offering for sale and/or sale of Counterfeit Products and/or Infringing Products.[1]

The Court, having considered the Affidavit of Mary Kate Brennan in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction ("Motion for Default Judgment"), the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint or Application.

and upon all other pleadings and papers on file in this Action, it is hereby ORDERED, ADJUDGED AND DECREED as follows (hereinafter, "Default Judgment Order"):

## I. Defaulting Defendant's Liability

1) Judgment is granted in favor of Plaintiffs on all claims asserted against Defaulting Defendant in the Complaint;

## II. Damages Award

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham and Copyright Acts' prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award requested in their Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiffs are awarded fifty thousand dollars ($50,000.00) ("Defaulting Defendant's Individual Damages Award") in statutory damages against Defaulting Defendant pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act and/or Section 504(c) of the Copyright Act and post-judgment interest;

## III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant, its officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendant (regardless of whether located in the United States or abroad), who receive actual notice of this Order, including, without limitation, any: (1) banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc., the Alibaba Group d/b/a Alibaba.com and Aliexpress.com ("Alibaba") and Dunhuang Group d/b/a DHgate.com ("DHgate") payment

services (*e.g.*, Alipay.com Co., Ltd., Ant Financial Services Group or DHpay.com) (hereinafter collectively referred to as "Financial Institutions") and (2) Alibaba.com, AliExpress.com and DHgate.com ("Third Party Service Providers") (hereinafter collectively referred to as the "Restrained Persons") (hereinafter collectively referred to as the "Restrained Persons") are permanently enjoined and restrained from:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products and/or Infringing Products or any other products bearing the Fingerlings Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Fingerlings Marks and/or incorporating the Fingerlings Works and/or artwork that is substantially similar to, identical to and constitute infringement of the Fingerlings Works;

B. directly or indirectly infringing in any manner any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks or Fingerlings Works;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks and Fingerlings Works to identify any goods or services not authorized by Plaintiffs;

D. using any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Fingerlings Marks and Fingerlings Works, or any other marks or artwork that are confusingly or substantially similar to the Fingerlings Marks and Fingerlings Works on or in connection with

Defaulting Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and/or Infringing Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant and Defaulting Defendant's commercial activities by Plaintiffs;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. any and all websites and/or Defaulting Defendant's Online Account(s) (as defined *infra*), which include, without limitation, the User Accounts through which Defaulting Defendant, its officers, employees, agents, servants and all persons in active concert or participation with it manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defaulting Defendant its officers, employees, agents, servants and all persons in active concert or participation with it including, without limitation,

8

those owned and operated, directly or indirectly, by the Restrained Persons ("Defaulting Defendant's Online Account(s)");

j. ~~j.~~ Defaulting Defendant's Assets (as define *infra*), and

k. ~~k.~~ the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendant and by its officers, employees, agents, servants and all persons in active concert or participation with it;

G. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any money, securities or other property or assets of Defaulting Defendant (whether said assets are located in the U.S. or abroad) ("Defaulting Defendant's Assets") from or to accounts associated with or utilized by Defaulting Defendant or Defaulting Defendant's Online Account(s) (whether said account is located in the U.S. or abroad) ("Defaulting Defendant's Financial Accounts") ~~until~~ unless further ordered by this Court;

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products and/or Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Default Judgment Order;

I. providing services to Defaulting Defendant and Defaulting Defendant's Online Account(s), including, without limitation, continued operation of Defaulting Defendant's Online Account(s); and

    J. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs (III)(1)(A) through (I) *supra*.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant must deliver up for destruction to Plaintiffs any and all Counterfeit Products and/or Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendant that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the Fingerlings Marks or Fingerlings Works, or bear any marks that are confusingly or substantially similar to the Fingerlings Marks and Fingerlings Works pursuant to 15 U.S.C. § 1118;

### IV. Post-Judgment Asset Transfer and Asset Freeze Order

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Default Judgment Order, Defaulting Defendant's Assets from Defaulting Defendant's Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action, (collectively, "Defaulting Defendant's Frozen Assets" and "Defaulting Defendant's Frozen Accounts," respectively), are, to the extent that Defaulting Defendant's Frozen Assets equal Defaulting Defendant's Individual Damages Award, hereby released and transferred to Plaintiffs as full satisfaction of Defaulting Defendant's Individual Damages Award, and those

Defaulting Defendant's Frozen Assets shall be transferred to Plaintiffs through Plaintiffs' counsel forthwith, and upon receipt by Plaintiffs' counsel of Defaulting Defendant's Frozen Assets in full satisfaction of Defaulting Defendant's Individual Damages Award, the Financial Institution(s) holding Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts may unfreeze Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts.  To the extent that Defaulting Defendant's Frozen Assets are less than Defaulting Defendant's Individual Damages Award, Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiffs as partial satisfaction of Defaulting Defendant's Individual Damages Award and Defaulting Defendant's Frozen Assets shall be transferred to Plaintiffs through Plaintiffs' counsel forthwith, and

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64 of the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Default Judgment Order, the Court also hereby grants Plaintiffs' request for a post-judgment restraining order continuing the attachment of Defaulting Defendant's Frozen Assets until Plaintiffs have recovered the full payment of Defaulting Defendant's Individual Damages Award owed to them by Defaulting Defendant under this Default Judgment Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiffs would have enforcing this Default Judgment Order, until Plaintiffs have recovered the full payment of Defaulting Defendant's Individual Damages Award owed to them by Defaulting Defendant under this Default Judgment Order, in the event

that Plaintiffs discovers new and/or additional Defaulting Defendant's Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendant's Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendant's Additional Assets" and "Defaulting Defendant's Additional Financial Accounts," respectively), Plaintiffs shall have the ongoing authority to serve this Default Judgment Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendant's Additional Assets and/or Defaulting Defendant's Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendant's Additional Assets and/or Financial Accounts");

  A. Upon notice of this Default Judgment Order, Financial Institutions Holding Defaulting Defendant's Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendant's Additional Financial Accounts, attach and restrain such Defaulting Defendant's Additional Assets in Defaulting Defendant's Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

  B. After twenty (20) business days following the service of this Default Judgment Order on Financial Institutions Holding Defaulting Defendant's Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendant's Additional Assets and/or Financial Accounts shall transfer all Defaulting Defendant's Additional Assets to Plaintiffs as partial or full satisfaction of Defaulting Defendant's Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiffs' counsel a request that such Defaulting Defendant's Additional Assets be exempted from this Default Judgment Order.

## V. Miscellaneous Relief

1) Defaulting Defendant may, upon proper showing and two (2) business days written notice to the Court and Plaintiffs' counsel, appear and move for dissolution or modification of the provisions of this Default Judgment Order concerning the restriction or restraint of Defaulting Defendant's Frozen Assets, Defaulting Defendant's Additional Assets and/or Defaulting Defendant's Additional Financial Accounts;

2) Any failure by Defaulting Defendant to comply with the terms of this Default Judgment Order shall be deemed contempt of Court, subjecting Defaulting Defendant to contempt remedies to be determined by the Court, but including fines and seizure of property; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Default Judgment Order.

**SO ORDERED.**

SIGNED this __31__ day of ___July___, 2018, at __5:00__ _p_.m.
New York, New York

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE